THE COUNTY COMMISSIONERS OF HOUSTON COUNTY, plaintiffs in error, *vs.* D. H. CULLER, clerk, defendant in error.

Under the local law of Houston county, no bill for extra costs or extra services in transcribing and indexing the dockets of the superior court, or for a venire, can be lawfully claimed by the clerk of said court, until the same has been passed upon and approved by the county commissioners; therefore, the superior court cannot, by *mandamus,* compel the county treasurer to pay such costs until they have been approved by said commissioners.

Costs.    County Matters.    Before Judge HILL.    Houston Superior Court.    December Term, 1876.

Reported in the opinion.

WARREN & GRICE, by brief, for plaintiffs in error.

C. C. DUNCAN, by brief, for defendant.

JACKSON, Judge.

Culler, as clerk of the superior court, transcribed and indexed the dockets of the superior courts from May, 1875, to May, 1876, for which he charged $50.00, and $3.00 for a *venire.*  These items were for extra services, not embraced in the regular costs of the clerk.  They were referred by the judge to Mr. Miller, an attorney of the court, to audit and pass upon; the auditor approved them among other items; the judge ordered them paid; the county commissioners refused to pay these two items; whereupon the superior court granted a *mandamus* absolute to compel them to pay.  The commissioners excepted, and the question is, should the *mandamus* have been made absolute to compel the payment of these two items?

We think that the local act of 1875, enacted for Houston county, controls the case.  The second section of that act is in these words: "That no extra pay shall hereafter be allowed or paid to any county officers, sheriff or clerk, or any other officers of said county, for any extra services they

may render as such officers, unless allowed by the county commissioners of the county of Houston, upon due proof of the services performed, and the value of them."

These charges were made after this act—2d March, 1875—and were not allowed by the commissioners of the county of Houston upon proof of their performance and value. It is clear, therefore, that the court was wrong, if the legislature had the right to pass the law. The legislature had that right, we think, and the judgment must be wrong, and is reversed. See acts of 1875, page 286.

Judgment reversed.