No. 6820.

STATE EX REL. PIERRE LACAZE ET AL. VS. CHAS. CAVANAC, ADMINISTRATOR OF COMMERCE.

30 237
106 632

A mandamus will not issue to compel a public officer to perform a ministerial duty, when the evidence shows that the performance of that duty by him is a physical impossibility; or that his ability to carry out the mandate of the court depends on the co-operative action of a third person who is not before the court.

The prayer for a mandamus is too vague which merely asks that an officer shall be compelled to accomplish a certain result. The relator must designate the specific acts which he demands that the respondent shall do.

APPEAL from the Third District Court, parish of Orleans.  *Monroe,* J.

*R. King Cutler* for plaintiffs and appellants.

*B. F. Jonas,* City Attorney, for respondent and appellee.

The opinion of the court was delivered by

SPENCER, J.  The opinion of the judge of the Third District Court in this case so fully states the law and the facts thereof that we can not do better than to adopt it as our own.  We simply add that whilst the legislative act certainly authorizes and directs the defendant to close, or cause to be closed the private markets, it has not provided *the means* by which he is to do so.  There is no authority given him by that act or any other to summons a posse—there is no force put at his disposal to effect the purposes of the act.  He is not directed or authorized to bring suits, further than to lay the subject before the grand jury ; and if he were, no provision is made to meet the expenses thereof.  He can not be compelled to do so at his personal expense.

We might, perhaps, add that the relators ask that respondent be compelled by mandamus—*not to do any specific act,* but *to achieve or accomplish a result,* without specification of the *modus operandi.*  Mandamus will only issue to compel the performance of purely ministerial duties, into which there enters no element of discretion.  The relator

238     SUPREME COURT OF LOUISIANA,

State ex rel. Lacaze et al. vs. Cavanac.

should specify the *particular act or acts* which the officer is required to do—to the end that he may be punished if he do not do them.

For these reasons and those assigned by the judge *a quo*, it is ordered and decreed that the judgment appealed from be affirmed at the cost of relators.

---

THE OPINION RENDERED IN THIS CASE BY THE JUDGE OF THE LOWER COURT.

MONROE, J.    This is a proceeding under act No. 31 of 1874, section one of which provides :

" That it shall (be) and it is hereby made unlawful for any person or persons to open, conduct, carry on, or to continue any private market for the sale of fresh meats, poultry, fresh fish, etc., in the city of New Orleans within the space of twelve squares of any public market under the jurisdiction and authority of the Administrator of Commerce of the said city of New Orleans."

Section 2 of said act provides that " The Administrator of Commerce shall be and is hereby authorized and directed to close or cause to be closed any private market that may hereafter be established for the sale of meats, poultry, etc., in violation of the provisions of section one of this act." .

Relators aver that they are butchers, doing business in the various public markets in this city, that their business has been pecuniarily profitable to them, but that a large number of private markets have been established, opened and kept within twelve squares of the respective public markets in which relators do business, and that meat, fish, and poultry are sold in said private markets, to the great injury of relators and in violation of the act No. 31, above quoted. That said private markets pay no licenses and work great injury to the city treasury and to tax-payers and property holders thereby.

That Chas. Cavanac, Administrator of Commerce, has been requested to close said private markets or to cause them to be closed, but that he refuses to comply with said request, although it is his duty so to do, and that such refusal works irreparable loss and damage to relators for which the ordinary course of legal proceedings affords no remedy.

Relators pray that a writ of mandamus issue, directing said Cavanac, Administrator, to close or cause to be closed forthwith all the private markets within twelve squares of each of the public markets, viz. : the Magazine market, Claiborne market, Trémé and French markets.

The Administrator of Commerce comes into court and for answer says :

That there are a large number of private markets within the location described in relators' petition, the owners of which have obtained injunctions restraining respondent from interfering with them in their business, which injunctions are still pending.

State ex rel. Lacaze et al. vs. Cavanac.

Respondent further says, that he is and has ever been ready and willing to do all in his power to enforce the provisions of act No. 31, of 1874; that due notice has been given to all persons doing business in violation thereof to close their said business, but that he is without police or other power to enforce said law, which can only be enforced through the Mayor and Council of the city and the Board of Police Commissioners, and that no other means or remedy can be resorted to than those prescribed in said act, and these the relators do not demand in their petition.

Respondent further avers that he is without authority to stand in judgment for the city of New Orleans; and prays that relators' application be dismissed.

The allegations of fact contained in the petition of the relators are substantiated by uncontradicted evidence. There is no doubt that there are numerous private markets conducted within twelve squares of the public markets named in the petition, and that said private markets are so conducted in defiance of the law hereinbefore quoted, to the injury of the business conducted by relators in said public markets. It actually appears that the keepers of the private markets have the advantage of being exempt from certain expenses which are imposed upon the butchers in the public markets, for while the latter are required to pay licenses and a *bonus* for their stalls, no such exaction is made of the former, for the reason that it is considered that they can not be licensed or otherwise sanctioned in the pursuit of an unlawful occupation.

It thus appearing that a statute of the State is being violated to the injury of citizens who are pursuing their avocations in conformity to law, we are next to inquire whether the remedy here sought is the proper one. With the policy of this law the court has nothing to do, the Legislature have seen proper to enact it and their right to do so has not been called in question.

We have seen that the second section of the act in question authorizes and directs the Administrator of Commerce to close or cause to be closed any private market which "may hereafter be established," etc., in violation of the provisions of section one of said act.

The Administrator of Commerce answers, however, that whilst he is perfectly willing to do his duty in the premises, he has no police or other power at his command with which to enforce the closing of the private markets. Respondent further says that due notice has been given to all persons doing business in violation of the act No. 31, referred to, to close their said business, but that the enforcement of said law must be through the Mayor and Council and the Board of Police Commissioners, and that no other means can be resorted to than those prescribed in said law.

If this be true, it would be idle for this court to issue a mandamus

commanding the Administrator of Commerce to close the markets in question, since the court could have no power to enforce an order commanding a physical impossibility. In "High on Extraordinary Legal Remedies," § 14, we find this subject treated as follows:

"It is a fundamental principle of the law of mandamus that the writ will never be granted in cases where, if issued, it would prove unavailing and whenever it is apparent to the court that the object sought is impossible of attainment, either through want of power on the part of the persons against whom the extraordinary jurisdiction of the court is invoked, or for other sufficient causes, or that the granting of the writ must necessarily be fruitless, the court will refuse to interfere. So, if it is apparent that the writ, if granted, can not be enforced by the court, relief will be withheld, since the courts are averse to exercising their extraordinary jurisdiction in cases where their authority can not be vindicated by the enforcement of process. Nor will mandamus be allowed unless the act or duty whose enforcement is sought is legally possible at the time, and it is therefore a sufficient return to an alternative mandamus that the respondent has no power to do the act required."

See, also, 9 An. 513.

The act required of the respondent in this case is, that he shall close the private markets. He answers that he has no power to do it, and whilst the act No. 31 of 1874 authorizes and directs him to close said markets, an inspection of the act No. 7 of 1870, by which the present system of city government was established, discloses that the organization of the department of commerce is under the control of the council, who regulate the number of employees in each department. The power of the Administrator of Commerce to obey the mandate of the court would, therefore, depend upon the means furnished him by the council or the police commissioners, and his failure to obey such mandate for want of the necessary power would leave the court in the position of being unable to enforce its orders.

It is true that the act relied on by the relators makes it the specific duty of the Administrator of Commerce to give information to the grand jury of the parish of Orleans of any party or parties who have violated the provisions of said act, and it is to be remarked that there is no allegation on his part, either that he has discharged this duty, or that he is without the power to do so. The relators have, however, asked no order upon this subject, otherwise it may be that a more satisfactory response would have been made.

The order which has been asked the court is unable, for the reasons given, to grant. That the evil complained of exists there is no doubt; the law of the State is openly violated to the knowledge of those whose duty it would seem to be to see to its vindication; the remedy, however, is not to be found in this proceeding.

The rule is therefore dismissed.