McGILL, commissioner, *v.* OSBORNE *et al.*

1. A mandamus will not lie to compel an officer to do an act which he has no legal power to perform when the application for the writ is made.
2. A court will always abstain from passing upon the question of the constitutionality of an act of the legislature, if there be any other ground in the case upon which to rest its decision.

Argued June 19,—Decided November 18, 1908.

Mandamus. Before Judge Fite. Catoosa superior court. February 3, 1908.

*W. E. Mann,* for plaintiff in error. *R. J. & J. McCamy,* contra.

FISH, C. J.　J. W. Osborne, W. W. Benton, and J. F. Mardis applied to the judge of a superior court for mandamus to compel I. L. McGill, county school commissioner of Catoosa County, to pay to the petitioners, as trustees of the public school in the Town of Boynton, Catoosa County, the amount due such school from the public-school fund of the county. The petitioners alleged that they were elected trustees of the public school of Boynton, in accordance with an act of the General Assembly approved August 22, 1907 (Acts 1907, p. 467), incorporating such town, providing for a system of public schools therein, and requiring the county school commissioner to pay over to the trustees of such school its share of the public-school fund of the county. It was alleged in the petition, that there were thirty-three children of school age in the town, a list of whom was attached as an exhibit to the petition, and that there was due to the school from the public-school fund of the county, on account of these children, "a sum of money approximating if not reaching $100.00." It also appeared from the petition that petitioners, as such trustees, in December, 1907, applied to McGill, county school commissioner, for the payment of such sum, and that the board of education of Catoosa County, on January 7, 1908, in prorating the public-school funds of the county among the school districts, expressly declined to recognize the Town of Boynton as entitled to any portion of the fund, on the ground that the act of the General Assembly providing for the payment of a portion of the common-school fund to the trustees of the public school of Boynton was in conflict with the general school laws, and would be injurious to the surrounding school districts. The petition alleged that this act of the board of education of the county was illegal and wrongful. The answer of the county school commissioner set up that "The prorata going to each child is $2.60 of public-school money," but claimed that the act under which petitioners were proceeding was unconstitutional, for various specified reasons, in so far as it sought to establish a school district in the Town of Boynton and to entitle the public school therein to a pro rata of the public-school fund of the county. As a further reason why a mandamus should not be granted, the answer alleged that even if the act in question were valid and constitutional, mandamus should not be granted, because the act provides that the county school commis-

sioner shall pay out the county school fund after an estimate made by the board of education of the county upon some plan adopted by such board, and that the board had never made any such estimate nor adopted any plan, and that therefore the respondent was without power or legal authority to pay out any of the public-school fund of the county. Upon the hearing a mandamus absolute was granted, and the respondent directed to pay to petitioners the sum of $85.80, "the sum admitted to be due petitioners if they can lawfully demand the same." To this judgment the respondent excepted.

1. The act incorporating the Town of Boynton (Acts 1907, p. 467), under the provisions of which the petitioners for mandamus, claiming to be the trustees of the public school of Boynton alleged that they were entitled to receive the money which they sought by mandamus to compel the county school commissioner of Catoosa County to pay them, provides, in section 12 thereof: "That the school commissioner of the County of Catoosa is hereby authorized and required to pay over to the trustees of the Boynton school system the proportion of the common-school fund arising from any source, belonging to said town, to be estimated by the board of education of said town upon any plans which the board may adopt in distributing the public-school fund to the schools of the county; said funds to be used by said trustees in the maintenance of a free school in pursuance of this act and as authorized and directed by the constitution and laws of this State." Considering this whole section, it is evident that the intention of the legislature was that the proportion of the common-school fund of the county to be paid by the county school commissioner to the trustees of the Boynton public school should be paid upon an estimate made by the board of education of the county, and not by the board of education of the town, if there be such a body. The act does not impose an absolute duty upon the county school commissioner to pay any portion of the public-school fund of the county to the trustees of the Boynton school system, but authorizes and requires such commissioner to pay the proportion of the common-school fund belonging to such town to such trustees upon an estimate made by the board of education of the county. It follows, therefore, that until such estimate has been made by such board, the county school commissioner has no power or authority

to appropriate any of the common-school fund for the benefit of the Boynton school system. It appeared on the hearing, and, indeed, it was set forth in the petition for mandamus, that the county board of education had expressly declined to recognize the Boynton school district as entitled to any of the public-school fund. This was tantamount to a refusal to authorize the county school commissioner to pay any portion of such fund to the trustees of the Boynton school. As the commissioner had no legal power to pay to the petitioners any portion of the public-school fund of the county, the court erred in rendering the judgment requiring him to do so.

A special act for the County of Houston provided that after its passage no extra pay should be allowed to county officers for extra services performed by them, "unless allowed by the county commissioners of the County of Houston, upon due proof of the services performed, and the value of them." In *County Commissioners* v. *Culler,* 58 *Ga.* 131, it appeared that Culler, as clerk of the superior court of that county, had performed certain extra services; that the judge of the superior court had referred Culler's bill for such services to an auditor, who had approved the same, and the judge thereupon ordered the bill to be paid, but the county commissioners refused to pay the same. The superior court granted a mandamus absolute to compel the commissioners to pay the clerk's bill for extra services. This court held, that, in view of the provisions of the act, "the superior court can not, by mandamus, compel the county treasurer to pay such costs until they have been approved by such commissioners."

"A writ of mandamus will not in general be allowed, unless the act commanded to be done is legally possible before the writ issues." State *v.* Perrine, 34 N. J. L. 254; Ball *v.* Lappius, 3 Or. 55; State *v.* Cavanac, 30 La. Ann. 237; 26 Cyc. 165; High on Ex. Leg. Rem. § 14.

2. It being clear that petitioners will not be entitled to mandamus under the case made, the constitutionality of the act under which they were proceeding will not be passed on. *Armstrong* v. *Jones,* 34 *Ga.* 310; *Scoville* v. *Calhoun,* 76 *Ga.* 263, 269; *Herring* v. *State,* 114 *Ga.* 96 (39 S. E. 866); *Oglesby* v. *State,* 123 *Ga.* 506 (51 S. E. 505).

*Judgment reversed. All the Justices concur.*