### 1880.  HOWARD v. AUGUSTA SOUTHERN RAILROAD CO.

The allegations of the petition, considered most favorably for the plaintiff, did not set forth a cause of action, and there was no error in sustaining a general demurrer thereto.

Action for damages, from city court of Waynesboro—Judge Davis.  April 13, 1909.

Argued June 24,—Decided October 5, 1909.

*Austin Branch, D. G. Fogarty,* for plaintiff.

*Joseph B. & Bryan Cumming, James M. Hull Jr.,* for defendant.

HILL, C. J.  Linton Howard, by next friend, sued the Augusta Southern Railroad Company to recover damages for personal injuries.  The court sustained a general demurrer to his petition; and error is assigned on this ruling.  The petition, in substance, is as follows:  On March 30, 1908, plaintiff was walking in a northerly direction on a side-track of the defendant company, at a place nearly opposite its depot at Keysville, Georgia. He was aware of the proximity of defendant's train in said locality, but, for the reason that immediately prior to the time of the injury he had noticed the train back down to a switch which con-

nected the side-track on which he was walking with the main line, he supposed that the train had gone on to the main line, and that he was safe in walking and remaining on the side-track. When he discovered that the train was on the siding backing towards him, it was so near to him and running at such a rate of speed that it was impossible for him to reach a place of safety, although he made every effort to do so; and he was run over and injured in the manner described in the petition. He alleges, that the point at which he was injured was much frequented by the public as a pathway, and that the defendant was negligent, in that its train was being backed near the depot over "a place where the public frequently walked and used as a path," with no agent or employee of the company to maintain a lookout, or to flag the train in any way, or to do anything to warn him of the approaching danger; that at the time of the injury the entire crew of the train consisted of the engineer and fireman, and that it was impossible for the train to be safely operated in said locality, under the circumstances, by only the two servants named.

We think the allegations of the petition were not sufficient to carry the question of negligence to the jury. Under section 3830 of the Civil Code, a plaintiff is not entitled to recover damages, if, by ordinary care, he could have avoided the consequences to himself caused by the defendant's negligence. The plaintiff in this case alleges that he was aware of the defendant's engine and cars on the side-track upon which he was walking. He knew that the engine was switching the cars. There appears no reason why he should assume that the train would move on to the main track and would confine its operations to that track; for the nature of the work required of a switch-engine is to move cars on the different tracks of the railroad. When the train was last observed by him, it was on the side-track on which he was walking. The circumstances were such as to put him on notice of the danger of walking on this side-track without keeping a lookout to ascertain the movements of the train.

But we do not think that the defendant's conduct constituted negligence. It is true that where a railroad company allows pedestrians to use its tracks as a pathway, it generally incurs the obligation of using ordinary care and diligence in anticipating

their presence there and in avoiding injuring them. In such cases the law implies that the railroad company has given its consent to the use of its tracks by pedestrians; but this implied assent to the use of its tracks must be taken with the qualification that the railroad company has the prior right to the use of its tracks, and that the company consents that the pedestrians may use the tracks as a passageway only when the company itself is not using the particular portion of the track in the switching of its cars; and when a pedestrian sees that the track is being so used by the railroad company, he is put on notice that the implied assent that he may also use it has been superseded by the fact of the company's present actual use. The case on the allegations seems to fall fully within the principle enunciated in *Southern Ry. Co.* v. *Mouchet*, 3 *Ga. App.* 271 (59 S. E. 927); *Georgia R. Co.* v. *Fuller*, 6 *Ga. App.* 454 (65 S. E. 313), and *Grady* v. *Georgia R. Co.*, 112 *Ga.* 668 (37 S. E. 861). The court did right to dismiss the petition on demurrer.

*Judgment affirmed.*