CONYERS *v.* LUTHER WILLIAMS BANKING COMPANY.

BECK, P. J.   This was a petition for certiorari, which had been sanctioned by the judge of the superior court, in which petition plaintiff in certiorari sought to have reviewed a final judgment rendered in the municipal court in the City of Macon.   When the case was called for hearing, counsel for defendant in certiorari made a motion to dismiss the petition for certiorari, upon the ground that "the writ of certiorari from the municipal court, City of Macon, had been abolished by the acts of the legislature in 1925 (page 465)."   This motion was sustained, and final judgment against plaintiff in certiorari was entered.   To this judgment dismissing the petition the plaintiff in certiorari excepted; and in the bill of exceptions it is recited that the plaintiff in error "does here and now except and assigns the dismissal of the petition for certiorari as error, because the procedure provided for in the acts of 1925, page 465, did not govern the case at bar, for the reason that said claim case was tried on July 14th, 1925, prior to the passage of the above act, and to do so would make said law retroactive in its effect."   And then follows the statement of three 'other grounds upon which plaintiff in error contends that the judgment of dismissal was erroneous, to wit: That so much of the act in question as relates to the method of review of erroneous judgments, contained in sections 1 and 2, is unconstitu-

tional and void because in conflict with article 6, section 4, paragraph 5, of the constitution (Code of 1910, § 6514) ; that sections 1 and 2 of the act are unconstitutional and void because in conflict with article 6, section 2, paragraph 9, of the constitution, for reasons stated; and that subhead (d) of section 1 and section 2 of the act are unconstitutional because violative of section 4, article 1, paragraph 1, of the constitution of this State, for the reason stated in these grounds. There is no recital in the bill of exceptions to show that the questions as to the constitutionality of the law of 1925 referred to above were raised before the court below, or passed upon by that court. *Held,* that inasmuch as the constitutional questions were not raised in the court below or passed upon by that court, the constitutional questions are not properly before the reviewing court for decision. And that being true, inasmuch as the other question raised by the assignment of error is within the jurisdiction of the Court of Appeals of this State, and not within the jurisdiction of this court, the case must be transferred to the Court of Appeals. *Savannah &c. Ry. Co.* v. *Hardin,* 110 *Ga.* 433 (35 S. E. 681) ; *Bolton* v. *City of Newnan,* 147 *Ga.* 400 (94 S. E. 236) ; *Patterson* v. *Bank of Alapaha,* 148 *Ga.* 356 (96 S. E. 863) ; *Edwards* v. *McNair,* 152 *Ga.* 486 (110 S. E. 280).             *So ordered. All the Justices concur.*

No. 5388.   JUNE 18, 1926.

Certiorari. Before Judge Malcolm D. Jones. Bibb superior court. March 3, 1926.

*L. U. Bloodworth,* for plaintiff.

*D. L. Churchwell,* for defendant.