17512.  CONYERS *v.* LUTHER WILLIAMS BANKING
COMPANY.

1. The act approved August 7, 1925 (Ga. L. 1925, p. 463), providing, as
the exclusive method of reviewing a judgment of the municipal court
of Macon refusing to grant a new trial, in any case in which the prin-
cipal sum claimed or the value of the property in controversy exceeds
one hundred dollars, a writ of error to the Court of Appeals, and
further providing that a bill of exceptions shall be tendered within ten
days from the judgment complained of, even if constitutional, does not
apply to a judgment rendered more than ten days prior to the ap-
proval of the act, since, even construing the act to be remedial in its
nature, its application in such a case would be such as to render nuga-
tory the complaining party's rights thereunder, and to deprive him of
the right to avail himself of a method of review theretofore existing.
*Searcy* v. *Stubbs,* 12 *Ga.* 437 (2); *Lockett* v. *Usry,* 28 *Ga.* 345 (3).
2. Accordingly, the court erred in dismissing the petition for certiorari.

DECIDED OCTOBER 13, 1926.  REHEARING DENIED NOVEMBER 15, 1926.

Certiorari; from Bibb superior court—Judge Malcolm D. Jones.
March 3, 1926.

*Luther U. Bloodworth,* for plaintiff in error.

*D. L. Churchwell,* contra.

JENKINS, P. J.  Judgment was rendered adversely to the plain-
tiff in error by the municipal court of Macon on July 14, 1925;
she filed a motion for new trial in accordance with the provisions
of the act creating that court; the motion was overruled July 22,
1925, and her petition for certiorari was presented to the judge of
the superior court and sanctioned by him on August 14, 1925.  On
August 7, 1925, the act of the General Assembly re-enacting sec-
tion 26 of the act of 1913 (Ga. L. 1913, p. 252), creating the
municipal court of Macon, was approved by the Governor.  This
act provides that "from the judgment of said municipal court,
city of Macon, refusing to grant a new trial, or making final
disposition of any case, in which the principal sum claimed, or the
value of the property in controversy, exceeds one hundred dollars,
an appeal shall lie to the Court of Appeals of Georgia by writ of
error, and a bill of exceptions shall be tendered, certified, and filed,
under the same rules as apply to bills of exceptions from the su-
perior courts of this State; provided, however, that the bill of
exceptions shall be tendered within ten days from the judgment
complained of and served and filed within ten additional days."

Courts, 15 C. J. p. 1039, n. 57 New.

The act further provides that the method of review therein provided shall be exclusive of all other methods provided for by law, including the constitutional writ of certiorari. Upon the hearing of the petition for certiorari, on motion of counsel for the defendant in error the petition was dismissed, upon the ground that the writ of certiorari from the municipal court of Macon had been abolished by the act of 1925 quoted above. The plaintiff in error carried the case to the Supreme Court, contending in that court that the trial court erred in dismissing the petition for certiorari, upon the ground that the act of 1925 was unconstitutional and in conflict with various provisions of the constitution set out and enumerated, and that the act of 1925 quoted above had no application to the instant case, for the reason that it had been disposed of prior to the approval of the act, and that to apply the act to this case would make the law retroactive in its effect. The Supreme Court transferred the case to this court, holding that the constitutionality of the act of 1925 was not involved, for the reason that the constitutional questions were not raised in the court below or passed upon by that court, and such questions, therefore, were not properly before the Supreme Court for decision (162 *Ga.* 350, 133 S. E. 862), thereby leaving, as the only question for determination by this court, whether or not the act of 1925 applies to the instant case.

*Judgment reversed. Stephens and Bell, JJ., concur.*

### ON MOTION FOR REHEARING.

On motion for rehearing the contention is made that the court overlooked the principle of law enunciated by the Supreme Court in the case of *Memmler* v. *State,* 75 *Ga.* 576, in which it was held that "if a certiorari was properly dismissed, the judgment will not be reversed, though the court based it upon an erroneous reason." The argument of counsel for the defendant in error is that the evidence demanded the finding against the claimant, and that the result effected by the dismissal of the certiorari should not be disturbed, although the dismissal was planted upon an erroneous reason. Assuming (without deciding) that in a case such as the instant one, where the judgment of the court below shows on its face that the case was dismissed for alleged lack of jurisdiction, with no decision at all by the judge on the question of evidence, the principle of the *Memmler* case would have application, we are

unable to agree with the contention of the defendant in error that the evidence was such as to demand the finding in favor of the plaintiff in fi. fa. and against the claimant, so as to deprive the judge of the superior court of the discretion vested in him by law. It appears from the evidence that the claimant wife had bought certain portions of the property levied upon under the fi. fa. against her husband out of her monthly allowance from her husband's salary about six years or more prior to the issuance of the fi. fa. against the husband, the date of the fi. fa. being the only indication disclosed by the record as to when the debt against the husband was created.                    *Rehearing denied.*