17877.    TERRELL *v.* BRANDT.

</div>

STEPHENS, J.   1. The provision in the act approved July 31, 1925 (Ga. L. 1925, p. 370, 386), relative to the manner of taking cases by certiorari from the municipal court of Atlanta to the superior court of Fulton county, to the effect that the writ of certiorari shall lie only to a final judgment of the appellate division of that court, and not to a judgment or order of an individual judge of that court; applies only to the jurisdiction of the superior court to issue the writ, and does not apply to its jurisdiction to pass upon the writ after it has been lawfully issued. See, in this connection, *Conyers* v. *Luther Williams Banking Co.,* 36 *Ga. App.* 52 (135 S. E. 515).

2. Where a petition for certiorari, excepting to a judgment rendered by an individual judge of the municipal court of Atlanta, was sanctioned upon the 25th day of July, 1925, and the writ of certiorari issued on the 27th day of July, 1925, both of which dates were prior to the approval of the act abolishing the issuance of the writ of certiorari to a judgment or order of the individual judge of the municipal court of Atlanta, the

Attorney and Client, 6 C. J. p. 760, n. 82.
Certiorari, 11 C. J. p. 212, n. 63; p. 222, n. 45 New.
Courts, 15 C. J. p. 1040, n. 66.

superior court, at all times after the date of the approval of the act, had jurisdiction to entertain and pass upon the petition for certiorari. The judge of the superior court did not err in overruling the motion of the defendant in certiorari to dismiss the petition upon the ground that by virtue of the provision of the act referred to, approved July 31, 1925, the court had no jurisdiction to entertain the writ.

3. This being a suit in three counts, two for the value of services alleged to have been rendered to the defendant by the plaintiff as an attorney at law in conducting certain litigation for the defendant, and the other for a certain sum representing an amount alleged to have been contracted to be paid to the plaintiff by the defendant for such services, and there being no evidence whatsoever that the value of the services rendered by the plaintiff to the defendant was of any greater value than a certain sum of money which the undisputed evidence showed had already been paid to the plaintiff by a third person on account of such services, and credited by the plaintiff on his claim for fees against the defendant, and there being no evidence whatsoever tending to establish any contract by the defendant to pay the plaintiff any sum of money for the services rendered, except a contract entered into upon the employment of the plaintiff as attorney, and prior to the rendition by him of the services rendered, by the terms of which the plaintiff as attorney would be entitled to retain as a fee a certain per cent. of the amount recovered by the plaintiff as attorney, whether by settlement of the suit or otherwise, and it appearing that the suit had been settled and the plaintiff had been paid a fee in excess of the amount which he, by the terms of his contract, was entitled to receive upon the basis of the settlement, and that the plaintiff had been paid an amount in excess of what the defendant had contracted to pay, a verdict for the plaintiff on any of the counts of the petition was unauthorized.

4. The trial judge in the municipal court of Atlanta having, in passing on the facts, found for the plaintiff in an amount representing the plaintiff's contingent fee based upon the amount of the settlement of the suit which the plaintiff was prosecuting for the defendant, the judge of the superior court did not err in sustaining the certiorari brought by the defendant.

5. Since it does not appear conclusively from the evidence that the money which the plaintiff received from a third person on account of the plaintiff's services rendered was in full settlement of the plaintiff's claim against the defendant, and since the evidence adduced in support of the plaintiff's quantum valebat counts failed to authorize an inference that the alleged services rendered by the plaintiff were of a value in excess of the amount which the plaintiff had received for such services, an error in law which must finally govern the case is not presented, and it was error for the judge of the superior court, in sustaining the defendant's petition for certiorari, to render a final judgment for the plaintiff in certiorari.

6. The judge of the superior court properly sustained the certiorari, but erred in rendering final judgment for the petitioner in certiorari who was the defendant in the trial court. The judgment sustaining the cer-

torari therefore is affirmed; but the final judgment for the plaintiff in certiorari, who was the defendant in the trial court, is reversed.

*Judgment affirmed in part and reversed in part. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 28, 1928.

Certiorari; from Fulton superior court. Judge Pomeroy. November 12, 1926.

*W. F. Slaton*, for plaintiff.   *George P. Whitman*, for defendant.