If the plaintiff originally directed that the stock be issued to his wife, in order to defeat some possible liability against himself, the person thus sought to be defrauded, and not the defendant, would be the proper party to attack such transaction between them. *Massell* v. *Fourth National Bank,* 38 *Ga. App.* 601 (4) (144 S. E. 806). But if the wife later transferred and delivered the stock back to the husband, there would seem no cause for complaint by any one, since by the latter transaction the stock was restored to the rightful owner.

There was no error in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

---

18982. BOROCHOFF *v.* NATIONAL CASUALTY COMPANY.

STEPHENS, J. This being a suit instituted in the municipal court of Atlanta by the insured under an accident-insurance policy, in which a verdict for the plaintiff was rendered in a certain amount including attorney's fees recoverable under § 2549 of the Civil Code of 1910, and was affirmed by the appellate division of that court, and the verdict and judgment not being demanded as a matter of law, the judgment of the judge of the superior court, sustaining a certiorari brought by the defendant and granting a first new trial, will be affirmed.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 21, 1929. REHEARING DENIED MARCH 2, 1929.

*George & John L. Westmoreland,* for plaintiff.
*Bryan & Middlebrooks,* for defendant.

---

19003. BRANCH & HOWARD *et al.* v. GEORGIA CASUALTY COMPANY *et al.*