20176.   MACON *v.* UNITED STATES FIDELITY & GUARANTY COMPANY *et al.*

DECIDED SEPTEMBER 8, 1930.

*Mitchell & Mitchell,* for plaintiff.
*Bryan & Middlebrooks, O. W. Russell,* for defendant.

JENKINS, P. J.   This was a claim for compensation, filed with the industrial commission by the wife of a deceased employee who was alleged to have met his death by reason of an accident arising out of and in the course of his employment. The claim was heard by one of the commissioners, who entered an award denying com-

pensation. The claimant then presented to the judge of the superior court her petition for certiorari, assigning error upon the ruling of the commissioner, and here excepts to the refusal of the judge to sanction her petition.

1. Since no question was made in the petition for certiorari as to the constitutionality of the workmen's compensation act, in so far as it may undertake to provide an exclusive remedy for the review of awards entered by the industrial commission, and to exclude the right of a party dissatisfied with such an award to except thereto by certiorari, the only question to be determined is whether the act itself thus limits the procedure. *Conyers* v. *Luther Williams Banking Co.,* 162 *Ga.* 350 (133 S. E. 862), 36 *Ga. App.* 52 (135 S. E. 515).

2. The workmen's compensation act provides, by section 57, that the commission, or any of its members, may hear the parties at issue and determine the dispute in a summary manner. By section 58 it is provided that if an application for review of any award is made within seven days from the date of notice of the award, the full commission shall review the evidence, or, if deemed advisable, hear the parties and their witnesses, and make an award in like manner as is provided by the preceding section. By section 59 it is provided that any award made as is provided in section 57 by a single commissioner, or by the full commission on review as is provided in section 58, shall become conclusive and binding as to all questions of fact, but that either party to the dispute may, within thirty days from the date of any such final award, or within thirty days from the date of any other final order or judgment of the commission, but not thereafter, appeal from such decision to the superior court. Any party aggrieved by a judgment entered by the superior court on such appeal may bring the case to this court, by writ of error, for review. Section 59 of the act sets forth and enumerates the grounds upon which a finding by the industrial commission may be set aside on appeal to the superior court, expressly providing that "the finding of fact made by the commission within its power shall, in the absence of fraud, be conclusive." It has thus many times been held by this court and by the Supreme Court that under the terms of the statute the findings of fact by the industrial commission, in the absence of fraud, are binding, both upon the superior court and upon the appellate courts, where there

is any evidence to support the findings. *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75) ; *Ocean Accident &c. Cor.* v. *Council,* 35 *Ga. App.* 632 (2) (134 S. E. 331), and cit. In the *England* case the Supreme Court, speaking through Mr. Justice Hines, in answering questions certified by this court, said that the appellate court, in considering a writ of error complaining of a judgment of the superior court on an appeal from the industrial commission, does not deal "with the judgment of a lower court granting a new trial; and for this reason the principle that that court or this court will not review the first grant of a new trial unless the verdict is demanded by the evidence is not applicable. In the second place, the design of the workmen's compensation act is to furnish a speedy, inexpensive, and final settlement of the claims of injured employees. The act abhors and shuns protracted and complicated litigation over the facts of any case. Conners' Case, 121 Me. 37 (115 Atl. 520) ; *Gravitt* v. *Georgia Casualty Co.,* 158 *Ga.* 613, 616 (123 S. E. 897). For this reason the act makes the finding of the industrial commission upon the facts final and conclusive. The finding of that body upon the facts can not be reviewed in the superior court, if there is evidence to support its finding. Such finding can not be reviewed in the appellate court. The finality of a finding of the industrial commission upon the facts of a case is conclusive and binding upon all the courts. The purpose of the act in making such finding conclusive was to avoid the law's delay, which is often the subject of complaint."

In *Atlantic Coast Line R. Co.* v. *Thomas,* 12 *Ga. App.* 209 (77 S. E. 13), this court, in dealing with the powers conferred by the Civil Code (1910), § 5201, upon a judge of the superior court in reviewing, on certiorari, the judgment of an inferior tribunal, said: "A judge of the superior court, in reviewing the evidence on certiorari, has not only the right to pass upon the credibility of the witnesses, but also the right to exercise an original discretion as to the correctness of the verdict, which is not possessed by other courts of review." And it is a well recognized rule that a judgment of the superior court sustaining a first certiorari is equivalent to the first grant of a new trial, and that the judgment of the superior court, thus rendered in the exercise of the discretion vested in that court, will not be interfered with unless the verdict or judgment set aside by him was, as a matter of law, demanded. *Borochoff* v. *National*

*Casualty Co.,* 39 *Ga. App.* 319 (146 S. E. 916) ; *National Union Fire Ins. Co.* v. *Ozburn,* 38 *Ga. App.* 276 (143 S. E. 784), and cit. But in considering an appeal from an award of the industrial commission, no such power is vested in the judge of the superior court, and he has not that discretion to set aside an order or decree of the industrial commission which he exercises in passing upon petitions for certiorari and motions for new trial. *Maryland Casualty Co.* v. *England,* supra; *U. S. Fidelity &c. Co.* v. *Hall,* 34 *Ga. App.* 307 (4) (129 S. E. 305). It thus seems evident, although the workmen's compensation act does not by express language limit the right of a dissatisfied party to complain of an order or decree of the commission to the procedure prescribed by the act, that such was the clear intention of the legislative body, since the method prescribed, and the restricted right of review conferred upon the superior court, are consistent with no other statutory method of reviewing a judgment of an inferior tribunal.

Since no question is made by the record, or appears to have been raised in the lower court, as to whether the provisions of the compensation act here dealt with are violative of paragraph 5 of section 4 of article 6 of the constitution of Georgia, conferring upon the superior court the power to correct errors in inferior judicatories by writ of certiorari, the act must be treated as valid; and construing it in accordance with its manifest intent and purpose, it must be held that the judge of the superior court properly refused to sanction the instant petition for certiorari.

*Judgment affirmed. Bell, J., concurs.*

STEPHENS, J., concurring specially. I concur in the judgment of affirmance, but do not concur in the proposition that the writ of certiorari does not lie to review an award of the industrial commission. The workmen's compensation act in section 59 provides that an award of the commission "may" be reviewed by the superior court by a method prescribed in the act as an "appeal." The act contains nothing which expressly denies a review of the judgments of the commission by certiorari. Upon the authority of the principle announced in *Young* v. *Broyles,* 16 *Ga. App.* 356 (85 S. E. 366), the right to review any award or judgment of the industrial commission by certiorari is a remedy cumulative to that of review by appeal as prescribed in the compensation act. In *Young* v. *Broyles* it was held, that, although the act creating the municipal

court of Atlanta provided for motions for new trial therein and a review of judgments in that court by bill of exceptions in the Court of Appeals, and contained nothing abolishing a review of judgments of that court on certiorari in the superior court, the writ of certiorari would lie to review judgments rendered in the municipal court of Atlanta. Since there is no statutory enactment abolishing the right to review rulings of inferior judicatories by writ of certiorari as respects the judgments and awards of the industrial commission, no question as to the unconstitutionality of any act abolishing a review of the judgments and awards of the industrial commission by writ of certiorari is presented. The ruling in *Hutchings* v. *Roquemore,* 164 *Ga.* 637 (139 S. E. 216), is not applicable here. In that case it was held by the Supreme Court of this State that since the act creating the municipal court of Macon as amended (Ga. L. 1925, p. 463) expressly provided that review of judgments in that court should not be had by certiorari, the judge of the superior court of Bibb County did not err in refusing to sanction a petition for a writ of certiorari to review a judgment in the municipal court of Macon, where the constitutionality of that provision abolishing certiorari as being applicable to that court was not drawn in question.

Whatever restrictions, as was held in *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (supra), may have been placed by the workmen's compensation act upon the power of the judge of the superior court to exercise a discretion in passing upon the facts found by the industrial commission on conflicting evidence, and whether this restriction could be construed as limiting the power of the judge of the superior court, not only in passing upon an appeal from the industrial commission, but in passing upon a certiorari to review a judgment of the commission, the provision of the act imposing this restriction would not, in my opinion, even if it be constitutional, or if its constitutionality be not attacked in the petition for certiorari, operate to deprive the superior court of the right to review a judgment of the industrial commission on certiorari, but would operate only to render ineffective an assignment of error in the petition for certiorari excepting to the judgment of the industrial commission upon the discretionary grounds that the judgment was contrary to the weight of the evidence and the principles of equity and justice. See *Johnston* v. *Brenau*

*College,* 146 *Ga.* 182 (91 S. E. 85), which recognized the right to a review by certiorari of the judgments of the municipal court of Atlanta, and held that the provisions of the act respecting the finality as to certain matters determined in that court operated to restrict the right to assign error thereon on certiorari which legally lay to review judgments in that court.

I am of the opinion that the court did not err in refusing to sanction the petition for certiorari wherein the claimant for compensation before the industrial commission sought a review of a judgment of the commission denying compensation. In so far as the petition for certiorari discloses, there was no evidence adduced before the industrial commission which would authorize an inference that the claimant's husband, for whose death compensation was claimed, received a compensable injury arising out of and in the course of his employment. The only evidence appearing in the petition for certiorari as to how the claimant's husband met his death is the claimant's testimony that her husband was killed on Sunday morning, and that on that morning, "in order to get back to the camp [which is presumably the place where he was employed] in time to get breakfast, that he was using the truck of Mr. Chandler [the employer] at this time;" and that "on the Saturday afternoon before he was killed on Sunday morning Mr. Chandler furnished him with a truck to get home in." It does not appear from this evidence how the husband was killed, whether while using the truck, or, if while using the truck, whether his death grew out of an accidental injury or was caused under such circumstances that compensation therefor could not be legally awarded.