YARBROUGH *v.* GEORGIA RAILROAD & BANKING CO.

No. 9201. MARCH 20, 1933.

*Craighead & Craighead, Dwyer & Dwyer,* and *Joseph P. Brown,* for plaintiff.

*Noel P. Park* and *Miles W. Lewis,* for defendant.

BELL, J. Mrs. I. R. Yarbrough brought suit against Georgia Railroad and Banking Company, to recover damages for the alleged negligent homicide of a minor son, I. W. Yarbrough. The court sustained a general demurrer and dismissed the action, and the plaintiff brought the case to this court.

We are of the opinion that the Court of Appeals, and not the

Supreme Court, has jurisdiction. The question of jurisdiction depends on whether the case involves a constitutional question within the meaning of that provision of the constitution which defines the jurisdiction of this court. Civil Code (1910), § 6502; Ga. L. 1916, p. 19. The plaintiff's right to sue depended upon the provisions of the Civil Code (1910), §§ 4424, 4425, as amended. The demurrer attacked the constitutionality of these statutes; but it appears from an examination of the judge's order sustaining the demurrer that he did not pass upon the constitutional questions. An examination of certain grounds of the demurrer and the judgment rendered thereon will demonstrate the correctness of this conclusion. The defendant demurred upon the following, among other grounds: (1) The petition set forth no cause of action. (2) The petition shows upon its face that the death of the decedent was due to his own negligence and want of ordinary care. (3) The petition shows that the acts of the agents and servants of the defendants were not the proximate cause of the death, but that the same was caused by the negligence of the deceased. (4) The plaintiff seeks to recover more than compensation for the alleged injury, in that she sues for the full value of the life of the deceased without any deduction for the expenses of the deceased had he lived.

Grounds 5 and 6 presented the contention that the act of the General Assembly as embodied in the Civil Code (1910), §§ 4424, 4425, as amended by the act of August 18, 1924 (Ga. L. 1924, p. 60), is unconstitutional and void, as being in violation of specified provisions of the State and Federal constitutions, for reasons stated in those grounds.

The following is a copy of the material portions of the opinion and judgment of the trial judge: "This suit was based upon the allegations that I. W. Yarbrough, a son of the plaintiff, was killed by the operation of a freight-train of the defendant on the night of October 29, 1931, in Greensboro, Georgia, as fully set forth in said original petition and the amendments thereto; and I refer to said pleadings as to the details of the allegations. The defendant demurred to said petition, on the general ground that no cause of action was set forth, and upon certain special grounds; and I refer to said original demurrer and the amendment thereto as to the details of the grounds embraced therein. The decisions of our Supreme Court and Court of Appeals are uniform on the principle of

law, that if a person knowingly goes into a place of danger, when there is no urgent necessity for him to do so, he [is] guilty of such gross negligence that as a matter of law he can not recover any damages for any injury he might sustain under such circumstances. In support of this principle of law, see the following authorities, to wit: *Central Railroad &c. Co.* v. *Rylee,* 87 *Ga.* 491 [13 S. E. 584, 13 L. R. A. 634]; *Georgia Railroad Co.* v. *Fuller,* 6 *Ga. App.* 454 [65 S. E. 313], and cit.; *Howard* v. *Augusta Southern R. Co.,* 6 *Ga. App.* 732 [65 S. E. 719]; *Central Ry. Co.* v. *Mullins,* 7 *Ga. App.* 381 [66 S. E. 1028]; *Kennemer* v. *Western & Atlantic Railroad,* 42 *Ga. App.* 266 [155 S. E. 771], and cit.; *Atlantic Coast Line R. Co.* v. *Fulford,* 159 *Ga.* 812 [127 S. E. 274], and the authorities cited. There are many other decisions of our courts on the same line, but it is unnecessary to quote any further authorities on this principle of law. Therefore it is ordered by the court that the general demurrer to the original petition and the amendments thereto be sustained, and said case dismissed, with cost against said plaintiff."

It is clear from the language of the trial judge as thus quoted that he did not pass upon the constitutionality of the statutes referred to in the demurrer, but that his judgment of dismissal was based entirely upon the view that the petition disclosed such negligence on the part of the deceased as to bar a recovery for his homicide. The correctness of this interpretation is even more evident when it is recalled that "a general demurrer to a petition, on the ground that it sets out no legal or equitable cause of action, does not raise the question of the constitutionality of the statute upon which the section is based." *State* v. *Henderson,* 120 *Ga.* 780 (7) (48 S. E. 334). In view of this rule, the statement in the judge's order that the defendant demurred to the petition "on the general ground that no cause of action was set forth" can not be taken as including reference to those grounds of the general demurrer in which the statutes were attached. Furthermore, "A court will always abstain from passing upon the question of the constitutionality of an act of the legislature, if there be any other ground in the case upon which to rest its decision." *McGill* v. *Osborne,* 131 *Ga.* 541 (2) (62 S. E. 811); *Georgia Power Co.* v. *Decatur,* 173 *Ga.* 219 (3) (159 S. E. 863). It appears that the learned judge did in fact hold that the petition was subject to dismissal on the ground that the death of the deceased was the result of his negligence; and

in these circumstances it will not be presumed that the judge intended to go further and pass upon the constitutional questions. Considered as a whole, the opinion and order of the judge contains no express or implied ruling as to the validity of the statutes in question, but on the contrary it affirmatively appears that no ruling whatever was made upon the constitutional questions. This construction of the judge's order appears to be in accord with the views of counsel for the defendant, who prepared the demurrer and thereby sought a ruling as to the constitutionality of the statutes referred to. They state in their brief that "The court sustained the demurrer on the general grounds, and expressly declined to pass upon any special grounds, nor upon the grounds relating to the constitutionality of the homicide statute."

In *Brown* v. *State,* 114 *Ga.* 60 (2) (39 S. E. 873), it was said: "This court will never pass upon the constitutionality of an act of the General Assembly unless it clearly appears in the record that the point was directly and properly made in the court below and distinctly passed on by the trial judge." See also *Griggs* v. *State,* 130 *Ga.* 16 (60 S. E. 130); *Conyers* v. *Luther Williams Banking Co.,* 162 *Ga.* 350 (133 S. E. 862), and cit. In *Loftin* v. *Southern Security Co.,* 162 *Ga.* 730 (3) (134 S. E. 760), this court held as follows: "Where it is sought to invoke a ruling by the Supreme Court on a constitutional question, the question must have been raised in the trial court and a ruling made thereon and the case brought to the Supreme Court for review." It is not enough that a constitutional question was duly made in the court below, but the trial court must have made a ruling thereon, in order to bring the case within the jurisdiction of this court. This conclusion is not based upon a mere rule of practice, but is founded upon the constitutional provision that the Supreme Court shall be a court for the trial and correction of errors of law alleged to have been committed by the trial courts. In *Dunaway* v. *Gore,* 164 *Ga.* 219, 230 (138 S. E. 213), the following statement was made: "Indeed, it may be said that under the provision of our constitution, art. 6, sec. 2, par. 5 (Code, § 6502), which provides that the Supreme Court 'shall be a court alone for the correction of errors,' this court would in no event have jurisdiction to consider the merits of any question which is either intentionally or unintentionally omitted in the trial court. It is upon errors alleged by the complaining party to have

been committed in the court below that this court must confine itself." See also *Hutchings* v. *Roquemore,* 164 *Ga.* 637 (139 S. E. 216). It follows that this case is not one of which the Supreme Court has jurisdiction, and therefore it is

*Transferred to the Court of Appeals. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*