MORGAN *v.* MERTINS, commissioner, *et al.*

No. 14981. FEBRUARY 6, 1945.

806

*Pierce Brothers,* for plaintiff.    *Isaac S. Peebles Jr., C. W. Kille-brew,* and *F. Frederick Kennedy,* for defendants.

BELL, Chief Justice.    The attorneys on both sides have argued the case as if the judge had sustained a general demurrer and dismissed the petition, so as to require a decision on whether the petition alleged a cause of action for any of the relief prayed.    In so dealing with the case, they have discussed various questions which we do not deem it necessary to pass on at this time.    The plaintiff sought an injunction and damages, and while it appears that demurrers were filed, the judge merely refused an interlocutory injunction, expressly reserving judgment on the demurrers.    Accordingly, the only question now for decision is whether the judge erred in refusing an injunction.

The plaintiff alleged that he had been employed by Richmond County as superintendent of roads and bridges for more than nine years, and in addition thereto had been warden of the county, in actual charge of all convicts sentenced to the penitentiary to serve their sentences in said county, or such as were transferred thereto by the proper authorities.    The resolution adopted by the board of commissioners purported to abolish the position of superintendent

of roads and bridges, without mention of county warden. In his bill of exceptions, the plaintiff alleges in effect that his petition in the trial court was not predicated upon any idea that he was a warden except as "incidental" to his position as superintendent of roads and bridges, and the same construction is placed upon the petition in the brief filed in his behalf. We may thus lay aside all question as to abolishing the office or position of warden, and consider only whether the plaintiff was entitled to an injunction as related to his employment as superintendent of roads and bridges.

The judge filed a written opinion, in which he stated: "The evidence having been heard and the court having reserved its opinion until this day, the court has reached the conclusion from the law and the facts that an injunction should be denied," and then, after discussing the acts of 1933 and 1937, portions of which are quoted in the preceding statement, stated further: "While the plaintiff alleges that the abolition was not in good faith, he fails to prove these allegations, and the court finds from the evidence submitted that the commissioners abolished the position held by the plaintiff in good faith and as an economy measure." The judge placed his decision in part upon the act of 1933, holding that it was not repealed by the act of 1937, but stated further that, "if" the 1937 act is in point of fact in conflict with the act of 1933, then such portions of the later act as are in conflict with the former are unconstitutional (see Code, § 2-401), but he did not hold that there is a conflict. We cannot agree that this amounted to a ruling that any part of the act of 1937 is unconstitutional, so as to bring that question now before this court for determination. Compare *Yarbrough* v. *Georgia Railroad & Banking Co.*, 176 *Ga.* 780 (168 S. E. 873).

The judge also held that, if the act of 1933 was repealed and the plaintiff came under the act of 1937 as a permanent employee, his position could still be abolished under section 9 of the latter act. By that section it is declared: "Nothing herein contained shall restrict the right of said board to abolish any position held by any permanent employee when such position or office, in its judgment is no longer necessary, provided, however, that if the abolition of a position is resorted to as a subterfuge to discharge such employee, and was not justified, such employee shall have his action therefor as for a breach of contract." We agree with the judge as to the

meaning of this section, and so, if his finding "that the commissioners abolished the position held by the plaintiff in good faith and as an economy measure," was authorized by the evidence, it necessarily follows that he did not err in refusing an injunction. The plaintiff in error contends that the evidence demanded a contrary finding, but we do not think that this contention is sustained by the record.

The plaintiff alleged in effect that the resolution purporting to abolish the position of superintendent of roads and bridges was resorted to as a mere subterfuge to discharge him and was not justified, and upon the hearing he testified to circumstances which may have tended in some degree to support his allegations upon this point. He also introduced in evidence his positively verified petition; but the defendants in their answers specifically denied the allegations as to subterfuge and lack of justification, and the answer of the commissioners alleged affirmatively that the position was abolished as an economy measure. The answers, like the petition, were positively verified, and they were also introduced in evidence. Furthermore, the testimony of Commissioner Mertins tended to support the contention of the defendants; nor was the evidence of Commissioner Miles directly contrary.

It may be mentioned that the plaintiff did not waive discovery, but expressly demanded such, and therefore the answers of the defendants to his interrogatories were matters to be considered by the trial judge. "The answer of a defendant, as to facts within his own knowledge, responsive to the discovery sought, shall be evidence in his favor, and may be rebutted only by two witnesses, or one witness and corroborating circumstances: Provided, discovery shall be expressly prayed for in the plaintiff's petition." Code, § 38-1105.

Considering the evidence as a whole and the rule above quoted as to discovery, we cannot say that the judge's finding upon the evidence was unauthorized. Nor can we sustain the contention of the plaintiff in error that the judgment should be considered as one based solely upon a legal question without a proper exercise of discretion.

There is one other matter that it may not be amiss to mention. In section 10 of the act of 1937, it is provided that "no employee shall be entitled to the benefits of this act who shall not at all times

remain a duly qualified and registered voter of Richmond County." We find no allegation or evidence that the plaintiff was such a voter.

From what has been said, regardless of all other questions, the judge did not err in refusing an interlocutory injunction.

*Judgment affirmed. All the Justices concur, except Wyatt, J., absent because of illness.*