C. SABATTIE, administrator, plaintiff in error, *vs.* JAMES W. BAGGS, defendant in error.

1. A sheriff's deed based on a sale of land for taxes, is not evidence without the execution under which the sheriff acted.

2. A judgment right in itself, will not be reversed because predicated, in whole or in part, on a wrong reason.

Deeds. Sheriff. Execution. Evidence. Judgments. Before Judge HARRIS. Liberty Superior Court. November Term, 1875.

This case was complaint for land. The title of the plaintiff rested on a sheriff's deed made on a sale of the property in controversy for taxes. When this instrument was offered in evidence, unaccompanied by the execution under which the sheriff acted, the defendant objected to its introduction upon the following grounds:

1st. Because the deed did not recite that the sheriff sold between the hours of 10 o'clock A. M., and 4 o'clock P. M.

2d. Because it did not show on its face that the sheriff first

offered said land for rent, and on failure to rent the same, then offered a portion for sale, and then the whole.

The objections were sustained, and plaintiff excepted.

From this ruling a non-suit resulted. Error is assigned upon the above ground of exception.

WALTER A. WAY, by Z. D. HARRISON, for plaintiff in error.

No appearance for defendant.

BLECKLEY, Judge.

1. Whether section 893 of the Code was intended to free tax titles from any of the strictness of the prior law need not be considered. It certainly does not give them a higher *status* than belongs to a deed made by the sheriff under the judgment of a court, and such a deed, unsupported, is generally not admissible in evidence: *Clark & Wilson vs. Trawick,* January term, 1876.

2. The foregoing being a sufficient reason for excluding the deed, it is needless to inquire what recitals such a deed should contain, or what would be their effect. The judgment excepted to was right, no matter on what ground it was based.

Judgment affirmed.