IVEY, administrator, *v.* GRIFFIN *et al.*

One who as owner redeems land sold for taxes within the time limited by law, acquires no title to the land by reason of the act of redemption or of a conveyance made to him founded upon and recognizing his right to redeem. In contests with strangers to such conveyance, he cannot establish the fact of ownership merely by introducing this conveyance together with evidence of the tax sale and the authority to sell.          *Judgment affirmed.*

August 20, 1894.
v 94-44

Equitable petition. Before Judge FISH. Wilcox superior court. September term, 1893.

The administrator of Horne sued Griffin *et al.* for damages to the timber on land lot 128 in the first district of Wilcox county, to enjoin further trespassing thereon, etc. A nonsuit was granted. The evidence showed, that, the land was a wild lot, and was regularly sold and conveyed, June 4, 1878, by the sheriff, under an execution legally issued against it for State and county tax, to Reid and Tomberlin as purchasers at the sale. The deed contained the proper recitals, and was duly recorded. It bore a transfer for value received, from the grantees to Horne, dated May 19, 1879. Plaintiff introduced also a deed to the lot from Reid and Tomberlin to Horne, reciting the purchase by the grantors at the sheriff's sale; that Horne, the owner of the lot, came within twelve months and paid to the grantors the amount for which they bought at sheriff's sale, with interest at 20 per cent., and cost, and therefore, in consideration of the premises, the grantors remised and relinquished to Horne, his heirs, etc., all the right, title and interest they might have had under the sheriff's deed had not the land been redeemed under the law. There was further testimony not material here, as to acts of defendant in cutting timber and working turpentine.

HINTON & CUTTS, HAL LAWSON and J. H. MARTIN, for plaintiff.

D. M. ROBERTS and E. H. WILLIAMS, for defendant.