## Carr *v.* Georgia Loan and Trust Company.

Fish, J. 1. The court may in its discretion, after overruling a motion for a nonsuit, permit the plaintiff, over the objection of the defendant, to introduce additional evidence.

2. Even though the defendant be entitled to a nonsuit at the conclusion of the evidence submitted by the plaintiff, yet if the nonsuit be refused, and evidence be subsequently introduced which demands a verdict for the plaintiff, a verdict in his favor, directed by the court, will not be set aside because of the refusal of a nonsuit.

3. Where the name of a corporation as grantor together with its common seal is affixed to a deed by one signing his name as treasurer of such corporation, the presumption is that such officer had authority to execute the instrument in behalf of the corporation.

4. Where the defendant objects to a deed offered as evidence by the plaintiff, upon the grounds that it bears false dates of execution and registry, and that it is not properly attested, and is allowed by the court to submit evidence in support of his objections, and proves by the grantor in the deed that he executed it while in possession, though at a time different from its date, and also shows its true date of record, the deed is admissible in connection with such evidence.

5. When a sheriff's sale has been made under an original tax execution, an alias fi. fa. issued under § 892 of the Political Code is not admissible in evidence, in lieu of the original, for the purpose of supporting such sale. That section provides for the issuing of an alias tax fi. fa., in place of the lost or destroyed original, for the purpose of enforcement by levy and sale, at the instance of the party entitled to control the original, and not for the purpose of being used in evidence as an established copy of the original under which a sale has been made.

6. A sheriff's deed purporting to have been made by virtue of a tax execution is not admissible in evidence unless accompanied by such execution.

7. Plaintiff in complaint for land submitted the following evidence: a deed

to himself to the premises in dispute, executed in pursuance of § 1969 et seq. of the Code of 1882, for the purpose of securing a loan made by him to the grantor; proof that the grantor, at the date of the execution of such deed, was in possession of the premises under a bona fide claim of ownership; a deed subsequently executed by the plaintiff, reconveying the land to his grantor, and reciting that it was made in accordance with § 1970 of the Code of 1882, for the purpose of placing the title in him for levy and sale under a judgment obtained by plaintiff against him for the secured debt; an execution issued upon such judgment reciting, a special lien upon the land, with levy made after the filing and recording of such reconveyance; and a sheriff's deed, made by virtue of a sale under the levy, conveying the land to the plaintiff. *Held*, that such evidence was sufficient to authorize the trial judge to direct a verdict for the plaintiff against the defendant, who submitted no evidence of title.

*Judgment affirmed.    All the Justices concurring.*

Argued February 13,—Decided April 19, 1899.

Complaint for land.    Before Judge Felton.    Crawford superior court.    March term, 1898.

*R. D. Smith* and *L. D. Moore*, for plaintiff in error.
*H. A. Mathews* and *Anderson, Anderson & Grace*, contra.