### GREEN, administrator, *v.* UNDERWOOD.

1. When an administrator brings an action for the recovery of land against an heir at law of his intestate, he is not entitled to recover by merely showing title in his intestate at the time of his death.
2. To maintain such an action, it is incumbent on the plaintiff (unless he has been in possession of the land and has without his consent been deprived thereof by the defendant) to show a necessity for him to have the possession either for the purpose of paying the debts or of making a proper distribution of the estate.

Argued May 30, — Decided July 24, 1899.

Complaint for land.    Before Judge Candler.    DeKalb superior court.    January 3, 1899.

*Payne & Tye* and *J. Howell Green,* for plaintiff.
*Candler & Thomson,* for defendant.

LITTLE, J.    Green, as administrator of Underwood, brought an action of ejectment against the defendant in error, widow of his intestate, to recover possession of a tract of land.    It was admitted that the defendant was the wife of the intestate.    The evidence does not show that he left any children.    The administrator had not obtained, nor applied for, an order from the court of ordinary to sell the land of his intestate for the purpose of paying debts or distribution.    On the trial he introduced in evidence a deed from the defendant in error, conveying the land to his intestate.    This was for the purpose of showing title in the intestate.    He then introduced in evidence a note executed by the intestate to the Equitable Mortgage Company, for fifteen hundred dollars, besides interest, and a security deed made by the intestate in his lifetime, which purported to convey the land sued for to the payee of the note, as security for the payment of

the note. As supporting his right to recover, the plaintiff testified that he had made an investigation of the estate of his intestate; that there was no personal property and no assets belonging to the estate, except the land for which he had brought suit. He also testified that he did not know the deceased ; that of his own knowledge he did not know of what property the deceased was possessed at the time of his death; that from the investigation which he had made he had been unable to discover any personal property belonging to the estate, and that none had come into his hands. At the conclusion of this evidence, the defendant moved the court for a nonsuit, which was granted; to which ruling the plaintiff excepted. The only question which arises is, was the nonsuit properly granted? If the evidence made a prima facie case of the right of the administrator to recover the land, granting the nonsuit was error; otherwise, it was not.

1. The plaintiff did, as against the defendant, show that prior to his death title to the land vested in his intestate. But this alone is not sufficient to entitle an administrator to recover possession of land as against an heir at law. It is said, however, that the wife is not an heir at law of her deceased husband. Under the rules of inheritance laid down by our Civil.Code, §3355, she is his sole heir when he has no lineal descendants, and she is equal with such lineal descendants unless the shares exceed five in number. In the latter event, as his heir she takes one fifth of the estate. She can defeat the right to take as an heir by electing to take dower; but she is nevertheless an heir, made so expressly by statute. In this case, for aught that appears in the record, she is the sole heir and entitled, by virtue of that relation, to the whole of the estate of her deceased intestate husband. Being an heir, and the title of the intestate having vested in her at his death, the administrator could not recover by simply showing that the title to the land was in the intestate when he died. *Holt* v. *Anderson*, 98 *Ga.* 220. On the death of an intestate, his realty descends directly to the heirs at law, and unless it is necessary to use that property for the payment of the debts of the intestate, or for the purpose of distribution between a number of such heirs at law, the administra-

tor has no concern with it. Civil Code, §§ 3081, 3353. The possession in such a case follows the title, and the heir is entitled to maintain possession against all the world, the administrator included, unless it is necessary, for the payment of the debts of the deceased or for distribution among several heirs, that it shall go into the hands of the administrator.

2. If the administrator, after the death of the intestate, entered into the possession of the land which at the time of the suit was held by the heir without consent of the administrator, it would seem that he would have a right of recovery ; but as those conditions do not exist in the present case, it is unnecessary to pursue that line of discussion. Under all other conditions, in order to recover from the heir, the administrator must show that a necessity exists for him to have possession of the land for which he sues, for the purpose either of paying debts or for making a proper distribution of the estate. Our Civil Code, § 3358, while laying down this proposition, further provides that an order for the sale or distribution of the land, granted by the ordinary after proper notice, shall be conclusive evidence of the necessity for the administrator to have possession. It is true, as contended by the plaintiff, that this may not be the only method of showing the necessity for obtaining possession of the land, but in the case of *Head* v. *Driver*, 79 *Ga.* 179, Judge Bleckley, delivering the opinion of this court, said, "Under the Code, it is the better practice, if not indispensable in most cases, to obtain such order." Confessedly no order had ever been granted, and as a matter of fact none had been applied for. As showing the necessity for a recovery, the plaintiff must then rely upon the evidence given by himself, which is set out in the preceding statement of the case. This evidence makes it probable that there is no property belonging to the estate which he represents, except the right of redemption of the land sued for. The administrator testifies that of his own knowledge he does not know what property the deceased possessed at the time of his death ; and the heir will not be turned out of possession of her own on a probability. A necessity to so use the land must be shown to exist ; and this is not shown by the evidence in the record. The administrator, if there was a

necessity to recover, on proper application to the ordinary could have obtained an order for the sale or distribution of this land. That order, being the result of judicial inquiry, would have been conclusive evidence that the necessity existed, and would have been sufficient, coupled with evidence of title in his intestate, to recover from the heir. Not having done so, and no satisfactory evidence otherwise appearing that the necessity existed, the plaintiff in the action did not show a right of recovery. What has been said has been in view of the contention made by the plaintiff that the security deed made by .the intestate was in fact a mortgage and passed no title to the land. We do not decide whether that is so or not. On its face it is in the form of a deed, and purports to have been made in conformity to the provisions of law which permit title of land to be conveyed as security for a debt. Of course if this instrument had the effect of a deed, then the plaintiff went too far; for having shown title in his intestate, he then proceeded to show it out of him. But whether the instrument be a deed or a mortgage, the plaintiff was not entitled to recover on the case as made by him, and there was no error in awarding the nonsuit.    *Judgment affirmed.    All the Justices concurring.*