## RICHARDSON v. COMER.

1. The owner of land sold under a tax execution against a prior owner has the right to redeem it by complying with section 909 of the Political Code. The present case does not fall within the provisions of the redemption act of 1898.
2. The record does not disclose any error in admitting evidence, and even if the affidavit to the admissibility of which objection was made was for any reason inadmissible in evidence, the judgment was right, being fully authorized by the other evidence in the case.

Argued October 5, — Decided October 30, 1900.

Injunction. Before Judge Henry. Floyd county. July 23, 1900.

*Henry Walker*, for plaintiff in error.
*Nat. Harris* and *E. P. Treadaway*, contra.

FISH, J.　W. T. Comer filed an equitable petition against Alice Richardson and Camp, sheriff, alleging, in brief, that he was the owner of and in possession of a certain lot of land in the city of Rome, which was sold by the city marshal in June, 1898, under a fi. fa. for city taxes against James, Thomas, and Warren Richardson, and purchased by J. B. Chamlee; that in February, 1899, the lot was sold under a common-law execution against the same parties and at such sale was purchased by Chamlee; that Chamlee subsequently sold the land to Moss, and, in May, 1899, Moss sold the same to the petitioner, who then went into possession thereof and had since held it; that in December, 1899, the land was sold by Camp, sheriff, under tax fi. fas. against Warren Richardson for his State and county taxes for the years 1893, 1894, and 1897, and at this sale Alice Richardson was the purchaser at the price of $28, and the sheriff made her a deed in pursuance thereof; that on June 28, 1900, the plaintiff, as owner, offered to redeem the land, and then tendered to Alice Richardson $32, a sum sufficient to cover the amount she paid for it, together with the ten per cent. premium thereon required by law, and she refused to accept the tender; that she threatens to have the sheriff to remove the plaintiff from, and to put her in, possession of the premises; that he makes a continuing tender of $32, by depositing that amount in court. The prayers were, for an injunction restraining the sheriff from putting Alice Richardson into possession, and that her deed from the sheriff be cancelled as a cloud upon the plaintiff's title. Upon the preliminary hearing the judge granted an order restraining the

sheriff as prayed for, until the final trial. To this ruling Alice Richardson excepted.

1. While most of the material allegations of the petition were controverted at the hearing, yet the judge was authorized, from the evidence submitted, to find what was set forth in the petition to be true. The contention of counsel for plaintiff in error is, that, even if the facts alleged in the petition be true, the judge erred in granting the order excepted to, for the reason that, under the facts alleged, the right to redeem the land, according to the provisions of the act of December 20, 1898, was not in the plaintiff, but was in Warren Richardson. Clearly such contention is not meritorious. Section 909 of the Political Code provides: "Whenever any land is sold by virtue of a tax execution issued under this Code, the owner thereof, or any administrator, executor, or guardian, or other trustee of the defendant in execution, shall have the privilege of redeeming said land thus sold, within one year, by paying the purchaser the amount paid by said purchaser for said land, with ten per cent. premium thereon from the date of the purchase to the time of payment." If the allegations of the petition be true, both Comer, the plaintiff, and the defendant, Alice Richardson, claimed title to the land in controversy under sheriff's deeds made by virtue of sales under executions against Warren Richardson. The deed to Alice Richardson was executed in pursuance of a tax sale which took place subsequently to the sale at which Chamlee, under whom the plaintiff claimed, bought. Her title was, therefore, inferior to that of the plaintiff, and he was entitled, as owner, to redeem the land, upon complying with the provisions of the above-quoted section of the Political Code. All interest that Warren Richardson had in the land had been divested by the execution sale under which Comer, through his predecessors in title, claimed. While the land was subject to the taxes which Warren Richardson owed and for which it was sold when Alice Richardson purchased, yet the title was not then in him, but had passed to Chamlee and through him to the plaintiff. The provisions of the act of December 20, 1898 (Acts 1898, p. 85), do not apply to the present case. That act gives the right to redeem land sold at tax sale to persons other than the owner, and provides how it shall be done. It is not in conflict with section 909 of the Political Code.

2. Error is assigned upon the overruling of the objections to the

admission in evidence of the affidavit of Treadaway, which affidavit was to the effect that he, as attorney at law for Comer, had tendered to Alice Richardson the amount she paid for the land at tax sale, together with the ten per cent. thereon required by the law. The bill of exceptions recites that the "affidavit of E. P. Treadaway was offered, and objected to because it did not appear to be properly verified, no evidence the notary public before whom it was taken and subscribed was a notary, or was authorized by the laws of his State to administer an oath to the affiant, and render the affidavit evidence in this case. It did not appear he was in fact a notary, except by his signature and seal, nor when, where, for what term, or by what authority he was appointed, for what purpose, nor that the act was in the scope of his duties." This is the only information in reference to the affidavit contained in the record. It does not appear that it was not made before a notary public in this State, and we hold that there was no error in overruling the objections to its admission in evidence. Even if the affidavit had not been considered, the record shows that the plaintiff had deposited with the clerk of the court, as a continuing tender to Alice Richardson, a sum sufficient to cover the amount she paid for the land, together with ten per cent. premium thereon. The evidence fully authorized the judgment of the court, and it is therefore affirmed.

*Judgment affirmed. All concurring, except Little, J., absent.*