NELSON, trustee, *et al.* v. SPENCE *et al.*

BECK, J.  1. Where the main purpose of the suit is to foreclose a mortgage, and there is also an incidental prayer for relief appropriate to insolvency proceedings, a receiver's possession thereunder, as to the property included in the mortgage, will not be affected by a subsequent adjudication in bankruptcy.  *Merry* v. *Jones,* 119 *Ga.* 643, 46 S. E. 861.
2. Even if the instrument sought to be foreclosed in equity is, on its face, not a mortgage, but a bill of sale to secure a debt, it is within the power

of a court of equity, upon proper allegations of omission from the instrument, made through the mutual mistake of both parties thereto, and upon sufficient evidence submitted on the trial to sustain the allegations of such an omission through mutual mistake, to reform the instrument so as to make the omitted stipulation a part of the instrument in question.

3. The amendment offered by the defendant in error to his original petition for the foreclosure of the alleged mortgage, while inartificial in form and somewhat indefinite in its allegations, and upon this ground subject to special demurrer, was, in the absence of such demurrer, sufficient to authorize the admission of evidence tending to show that both parties to the instrument intended that it should contain words making it a mortgage covering the stock of goods as "a stock in bulk changing in specifics, and including the soda-fount in the store."

3. (a) The instrument reformed takes effect from the time when it was originally executed, except as to bona. fide purchasers without notice and those standing in like relations.

4. After the amendment seeking to have the instrument reformed, it was competent to show by parol evidence what the intention of the parties thereto was; as upon the ascertainment of their mutual intention depends the determination of the right of the plaintiff in the equitable petition to the reformation of the paper as prayed. Such parol testimony was not admissible to vary or explain the terms of the instrument as it was originally executed, but was admissible for the consideration of the jury in passing upon the question as to whether certain other terms should be added to it, because they were originally intended as a part of the paper, but had been omitted from it by mutual mistake of the parties.

5. Where the name of a corporation as mortgagor, together with its common seal, is affixed to a mortgage by one signing his name as treasurer of such corporation, the presumption is that such officer had authority to execute the instrument in behalf of the corporation. *Carr* v. *Georgia Loan & Trust Co.*, 108 *Ga.* 757, 33 S. E. 190.

6. The presumption in favor of the authority of the officers executing the paper referred to was rebuttable; but there being no evidence impeaching the presumptive authority in this case, the admission of the other evidence tending to establish the authority, if error, was harmless.

7. It was error for the court to submit to the jury the decision of the question "as to whether this instrument sued on is a deed or bill of sale, or whether or not it is a mortgage." The construction of the paper, inasmuch as it was unambiguous, was a question for the court. Besides, while the paper itself is free from ambiguity, this part of the charge is not, as it might be understood by the jury as referring to the paper as it stood before or after being reformed.

8. The court having properly instructed the jury that the power of a court of equity to grant relief in cases of the kind under consideration is exercised with caution, and that to justify its exercise the evidence must be clear, unequivocal, and decisive as to the mistake, the fact that the court in a subsequent part of the charge instructed the jury that

it was incumbent on the plaintiff to prove by a preponderance of evidence that such a mistake had been made, before the jury would be authorized to overcome the prima facie presumption which arises upon this instrument upon the face of it, was not error requiring the grant of a new trial.

9. The court charged the jury as follows: "I charge you that even if the intent to delay and defraud creditors existed on the part of the corporation, Perry's Pharmacy, but that at the time J. M. Spence was not aware, didn't know, of that intent, and that the circumstances were not such as to put a reasonable man upon notice that it was time for him to investigate, that it was a suspicious transaction, then I charge you on that issue you should find in favor of the plaintiff, J. M. Spence." The plaintiff in the foreclosure proceedings having been shown to be president of the corporation, a part of whose duties it was to familiarize himself with the books and accounts of the corporation, as to transactions between the corporation and such officer, whatever intent to delay or defraud creditors might have existed on the part of the corporation would be presumed in law to be known by the president thereof, and the ruling requiring "circumstances sufficient to put a reasonable man on notice," especially as the jury were not cautioned to take into consideration the superior opportunities of an officer for obtaining information as to the intent with which the act or deed was done, was harmful error.

10. It appearing that the plaintiff in the foreclosure proceedings was president of the corporation, and there being no controversy under the pleadings and evidence as to this fact, the court should not have so charged the jury as to leave upon their minds the impression that it was an open question for their decision whether or not he was actually an officer of the corporation.

11. The intention and purpose of the parties to the instrument under consideration, in the making of the same, being a material question for determination, it was error for the court to refuse an appropriate request to charge embracing the following: "You may take into consideration the kinship, friendship, or intimacy of the parties concerned, see what their interests were; you may look to the whole dealings with the corporate affairs of Perry's Pharmacy; and from all the circumstances that have been brought out in evidence you are to judge of this question."

12. Other questions made in the record are not dealt with, as it is not probable that they will arise on the next trial.

*Judgment reversed. All the Justices concur.*

Submitted May 25,—Decided August 10, 1907.

Intervention.　Before I. J. Hofmayer, judge pro hac vice. Mitchell superior court.　July 23, 1906.

J. M. Spence filed an equitable petition against Perry's Pharmacy, alleging, that he is the holder of a mortgage on the entire stock of merchandise carried by said defendant; that said mortgage, for the sum of $4,200 principal, is due and unpaid; that said

stock if not of sufficient value to cover the amount of the mortgage, and that it could be sold for a larger sum at private sale than at a public sale. Wherefore he prayed that the mortgage be foreclosed, and that "a receiver be appointed to take charge of all of the assets of said defendant, including all of the property described in said mortgage, all notes and accounts, choses in action, . . and that the same.be sold to satisfy said mortgage." A copy of the instrument sued on is attached to the petition, the material portions of which are as follows: "Six months after date we promise to pay to the order of J. M. Spence $4,200, for value received." It further provides for interest from maturity at the rate of eight per cent., and ten per cent. attorney's fees, and contains a waiver of "all homestead and exemption rights which I or my family may be entitled to under the constitution or laws, State or Federal. . . And in order to secure the payment of the said 'indebtedness, we hereby bargain, sell, and convey to the payees of this note, their heirs and assigns, the following property: . . all the stock of merchandise carried by Perry's Pharmacy in their store at Camilla, Ga., consisting of [itemizing said stock], and all other articles carried in their stock not herein mentioned." And in case said debt was not paid at maturity, the payee was authorized to seize and take possession of said property and sell the same, after advertising the sale for ten days, at public outcry in front of the court-house door, and apply the proceeds to the payment of said indebtedness. The instrument was signed as follows: "Perry's Pharmacy (L. S.), T. B. Perry, Sec. & Treas. (L. S.) T. B. Twitty, V. Pres. (L. S.)."

After considering the petition, the judge at chambers passed an order appointing T. B. Perry permanent receiver, "to take charge of all of the mortgaged property described in said petition, and to take charge of the store of defendant, and to carry on the business of the same in the ordinary way, keeping a full account of his doings, until further order of the court." At the following term R. B. Middleton, receiver of the Rodrigues Cigar Co., a creditor of Perry's Pharmacy, filed an intervention, attacking for fraud a certain sale of goods by Perry's Pharmacy to the Robbins-Thompson Drug Co., and alleging that the instrument in favor of J. M. Spence was made for the purpose of delaying, hindering, and defrauding the other creditors of said defendant: "that said so-

called mortgage is void and fraudulent, for the reason that it was made to prefer an officer of said corporation after said corporation was insolvent;" and that said instrument was a violation of the provisions of the act of the General Assembly relating to the sale of goods in bulk (A. '03, p. 92). The intervenor prayed that the mortgage in favor of J. M. Spence be declared to be null and void; that this intervenor's claim, and all other just claims of such creditors as may hereafter intervene, be proved and allowed against the assets of Perry's Pharmacy; and that T. B. Perry be removed as receiver. Subsequently other creditors intervened, alleging the insolvency of Perry's Pharmacy and praying that a receiver be appointed under the provisions of the insolvent trader's act.

At the hearing the motion to remove T. B. Perry from his position as receiver was denied, and he was ordered to take charge of that part of the goods of the Robbins-Thompson Drug Co., which had been purchased from Perry's Pharmacy. After the filing of the original petition by J. M. Spence, Perry's Pharmacy was adjudicated a bankrupt in the district court of the United States, and L. W. Nelson was appointed and qualified as trustee in bankruptcy. He joined in the intervention of Middleton et al., and prayed that T. B. Perry, receiver, be directed to turn over to him, the trustee in bankruptcy, all the assets of the Perry's Pharmacy. The intervenors also filed a demurrer to the foreclosure proceeding instituted by Spence, on the ground that "said alleged mortgage [in favor of Spence] is no mortgage, but shows upon its face that it is a deed to secure a debt;" and because it conveys title only to those goods in the stock of Perry's Pharmacy at the time of the execution of the instrument, and does not operate upon after-acquired goods. Nelson, trustee, filed a plea in abatement to the original foreclosure proceeding, based on the latter ground of the demurrer. The intervention was amended by alleging, in substance, that the instrument sought to be foreclosed by Spence was void, because not properly executed by Perry's Pharmacy; that said instrument was tainted with usury; and that Perry's Pharmacy is not indebted to Spence in the sum named in the said instrument.

Spence amended his petition by alleging that "it was the intention of the parties to said mortgage from Perry's Pharmacy to J. M. Spence that it should cover the stock of goods in said mortgage described, including the soda-fount, as a stock of goods in bulk

changing in specifics, and by mutual mistake these words were omitted from the instrument," and prayed that the mortgage be so reformed as to conform to the intention of the parties. The intervenors objected to the allowance of this amendment, on the ground that it set up a new cause of action, and because it sought to vary the terms of an unambiguous written instrument. The objection was overruled, and they excepted pendente lite. At the hearing of the application of Nelson, trustee, the court passed an order directing "that the notes, accounts, choses in action, books and papers of the Perry's Pharmacy, also the property received by the receiver from the Robbins-Thompson Drug Co., be delivered by T. B. Perry, receiver, to L. W. Nelson, trustee in bankruptcy; and that the application of the trustee in bankruptcy to have the assets and money taken possession of or arising under the original mortgage foreclosure in favor of J. M. Spence be refused." The intervenors excepted pendente lite to this order. Upon the trial the jury returned a verdict finding that "the paper sued on by the plaintiff [Spence] was intended by parties thereto as a mortgage," and that "it was the intention of the parties to include the soda fount," and also in favor of the plaintiff upon the mortgage. The intervenors made a motion for new trial, which was overruled, and they excepted, assigning error upon this judgment, and upon their exceptions pendente lite.

*D. F. Crosland, R. J. Bacon, Jr.,* and *B. B. Lane,* for plaintiffs in error.

*E. E. Cox, Pottle & Glessner, S. A. Roddenbery, Theodore Titus,* and *M. E. O'Neal,* contra.