18743. JOHNSON *v.* KING LUMBER COMPANY *et al.*

STEPHENS, J. 1. Where, in a deed to land made for the purpose of securing a debt, executed May 1, 1920, there appears, after the description of the land, the provision that "it is hereby agreed and understood between the parties hereto that the first party reserved the right to cut and remove at any time a part or all of the timber now on the lands hereinabove described, and that it shall not be necessary for him to notify the second party of such facts," this provision is not a mere license reserved to the grantor, to cut the timber, but it is a provision reserving to the grantor all the timber on the land at the time of the conveyance. *Grant* v. *Haymes*, 164 *Ga.* 371 (138 S. E. 892).

2. The clause in the security deed reserving to the grantor the title to the timber upon the lands conveyed as security is not repugnant to the habendum clause preceding it, which reads as follows: "to have and to hold the said bargained premises, together," etc., "in fee simple;" and therefore is not void for repugnancy.

3. Where the grantor in the above-described security deed conveyed by a subsequent deed (August 14, 1920) to a third person "all of the saw timber of every kind and character, whether of pine, oak, hickory, ash, poplar, and of every other kind and character suitable to be sawed and capable of being made into lumber for commercial purposes, which is located" on the lands described in the first-mentioned deed, and the second deed recited that "this conveyance is intended to convey all of the timber on the lands aforesaid," the latter deed conveyed to the grantee named therein all the timber then on the described lands which the grantor in the first deed had reserved to himself.

4. Where any one having an interest in land,—as the grantee in a security deed,—redeems the property by paying the amount of the taxes, etc., from one who purchased it at a sale made by virtue of a levy of an execution against the property for taxes, and takes from that person a quitclaim deed to the property, the person so redeeming the property acquires no title to it. Civil Code (1910), § 1170; *Ivey* v. *Griffin*, 94 *Ga.* 689 (21 S. E. 709); *Elrod* v. *Owensboro Wagon Co.*, 128 *Ga.* 361 (4) (57 S. E. 712). This is true notwithstanding the person so redeeming the land by the payment of the taxes did not redeem it within

the period allowed by law in which to redeem land after it has been sold for taxes. Although the land was not redeemed within this statutory period, it was nevertheless redeemed by the payment of the taxes, and the person so redeeming the land acquired no title thereto. It follows that where executions against a part of the lands described herein for taxes due by the predecessors in title to the grantor named in the security deed were levied upon the lands as the property of these predecessors in title, and where the levy included not only the lands, but all the timber growing thereon, and where the person buying the lands, when they were offered for sale in satisfaction of tax-executions, acquired title to the lands, including the timber thereon, and where the grantee in the security deed, as one having an interest in the lands, redeemed them, by paying the taxes, etc., to the person who had bought the lands at the tax sales, and by taking from this person quitclaim deeds to the lands, including the timber, the grantee in the security deed, who upon the redemption of the lands took the quitclaim deeds unto himself, acquired no right, title or interest whatsoever, except a lien for the security of the money expended by him upon the land and timbers growing thereon.

5. The security deed referred to in paragraph 1 above, not having passed title to the timber on the lands, no title to the timber passed in the sale of the lands under a foreclosure proceeding instituted by the grantee for the collection of the debt secured by the deed. The grantee, in buying the land at the foreclosure sale, therefore acquired no title to the timber.

6. In a controversy between a person who acquired title to the growing timber, consisting of about three million feet, upon certain lands in the year 1920, and a person who, six years later, cut from the same lands timber amounting to something over a million feet, even assuming that new timber, in some indefinite amount, had grown upon the lands in the meantime, to which the first party had no title, the inference is not demanded that the party cutting the timber did not cut some of the original timber to which the other party had title, and that therefore some of the original timber was not mingled with the million feet or more which was cut. The inference therefore is authorized that the party, in cutting the timber, cut some of the original timber along with the new timber; and since, where a person who without authority mingles personal property belonging to another with property of his own must distinguish his own property or lose it, the burden rests upon the person cutting the timber to distinguish what portion of the timber cut belongs to him. Civil Code (1910), § 4587.

7. Assuming, but not holding, that where in a security deed title to timber is reserved to the grantor, who retains possession of the land upon which the timber is situated, the person who has acquired title to the timber from the grantor named in the security deed must remove the timber within a reasonable time, yet where, as in this case, the person who holds title to the timber failed to remove the timber from the land within the period of time extending from the year 1920 until the year 1926, after which the timber was removed by the defendants, it can not be held as a matter of law that, in failing to remove it from the land

within this period of six years, the person holding title to the timber failed to remove it within a reasonable time. *North Georgia Co.* v. *Bebee,* 128 *Ga.* 563 (57 S. E. 873); *Shippen Lumber Co.* v. *Gates,* 136 *Ga.* 37 (1-*d*) (70 S. E. 672); *Grant* v. *Haymes,* supra. The evidence in the record as respects what constitutes a reasonable time has reference only to what constitutes a reasonable time within which to perform the work of removing the timber and has no reference to what constitutes a reasonable time within which the grantee would have the right to remove the timber.

8. In a suit by the person who purchased the timber from the grantor in the security deed and acquired title thereto by virtue of the deed of August 14, 1920, referred to in paragraph 3 above, against the defendants who, it is alleged, had cut timber from the lands, where the evidence authorized the inference that in the year 1926 the timber was cut from the lands by the defendants under a claim of title derived from the grantee in the security deed, who had purchased the lands at the foreclosure sale, and where it appeared from the evidence that the deed under which the plaintiff claimed was duly recorded on August 14, 1920, prior to the foreclosure proceedings by the grantee in the security deed, and where there was evidence as to the value of the timber cut, a verdict for the plaintiff would have been authorized, and the trial judge erred in directing a verdict for the defendant.

9. The court erred in admitting in evidence, over objection by the defendant on the ground of irrelevancy, the records of the foreclosure proceedings had under the security deed, and the tax fi. fas. and the sheriff's deeds, as excepted to in the motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

Decided February 9, 1929. Rehearing denied March 2, 1929.

*E. L. Smith,* for plaintiff.
*H. A. Wilkinson, J. W. Harris,* for defendants.