UNION CENTRAL LIFE INSURANCE COMPANY *v.*
BANK OF TIGNALL.

No. 10911.  MARCH 24, 1936.  REHEARING DENIED MARCH 31, 1936.

*W. A. Slaton,* for plaintiff.  *Lawson E. Thompson,* for defendant.
ATKINSON, Justice.  A debtor conveyed described land by deed to secure a debt.  By the terms of the deed the grantor stipulated to pay all taxes on the land.  The deed was duly recorded.  After record of the security deed a bank obtained a judgment against the grantor in the security deed, and execution was duly issued and recorded.  The secured debt was never paid.  The grantor defaulted in the payment of taxes.  After the date of the execution one parcel of land was regularly sold at tax sale to the county.  An-

other parcel was sold in like manner to an individual. The time expired for redemption of both parcels of the property sold at tax sales. Afterward, and while the recorded execution was in life, the grantor in the security deed paid the respective purchasers at tax sales the amount necessary to redeem the property, and in consideration thereof received from each purchaser quitclaim deeds reconveying the property purchased by them, which were duly recorded. The execution in favor of the bank having been levied on the land after such reconveyances, as property of the grantor in the security deed, the grantee in that deed interposed a statutory claim. The case was submitted to the judge, without a jury, on an agreement of facts as above stated. A judgment was rendered finding the property subject, and the claimant excepted.

"Where real estate has been sold under any State, city, county, or school tax fi. fa., or drainage assessment, the same may be redeemed at any time within 12 months after the sale, by the defendant in fi. fa., his guardian or trustee, heirs or personal representatives, or by any tenant in common, remainderman, or other person having an interest in such property, or by the holder of any mortgage, judgment, lien, or other interest in said property, or by any creditor of the defendant in fi. fa. by paying the purchaser the amount paid by said purchaser for said land with 10 per cent. premium thereon. The 10 per cent. premium may not be increased by the addition of interest or otherwise." Code of 1933, § 92-8301. This is followed by § 92-8302, which declares: "When property has been redeemed, the effect thereof shall be to put the title conveyed by the tax sale back into the defendant in fi. fa., subject to all liens existing at the time of the tax sale, and if the redemption has been made by any creditor of the defendant or person having any interest in the property, the amount expended by such creditor or person interested shall constitute a first lien thereon and be repaid prior to claims upon the property, if the quitclaim deed hereinafter provided for is recorded as required by law." It is further declared, in § 92-8304: "In all cases where property is redeemed, the purchaser at the tax sale shall make a quitclaim deed to the defendant in fi. fa., reciting therein by whom the redemption money has been paid, and in what capacity, or under what claim of right or interest the same was paid, which shall be prima facie evidence of the facts stated." These sections are codifications of

the act of 1898 (Ga. L. 1898, p. 85). These laws are to be construed liberally and most favorably to persons allowed by the statute to redeem. Section 92-8301 affords a positive right to redeem within the specified period. It does not inhibit the purchaser from according redemption after the period has expired. The purchaser may as matter of grace accord such privilege. An essential to redemption expressed in section 92-8301 is payment to the purchaser as therein specified. The manner of consummating the redemption is outlined in section 92-8304. Where redemption is accomplished, whether by right during the statutory period, or by grace after the period as above indicated, the effect thereof, as declared in section 92-8302, shall be to put the title conveyed by the tax sale back into the defendant in fi. fa., subject to all existing liens at the time of the sale. Lien as here used will comprehend also title under deeds for security of debt. This accords with the ruling in *Templeman* v. *Williams*, 166 *Ga.* 60 (142 S. E. 534), where it was held: "Where a vendee of realty borrowed the money that was paid for it, and thereafter breached his contract with his lender by which he undertook to keep the taxes paid, and in consequence the property was sold for taxes, he could not, even after the redemption period, acquire from the buyer at the tax sale such title as to defeat the equitable rights of his lender of the purchase-money first mentioned." The judge erred in holding the property subject to the junior execution. *Judgment reversed. All the Justices concur.*