## THOMAS *et al. v.* CLAXTON.

No. 12496. JANUARY 10, 1939.

*C. C. Crockett,* for plaintiffs. *R. I. Stephens,* for defendant.

JENKINS, Justice. In 1921 a mother conveyed land by warranty deed to her children for a stated consideration of love and affection and $50 cash. After this conveyance the land was sold for state and county taxes and also for city taxes, but was redeemed by the mother, who received quitclaim deeds from the county and the city. In 1929 the mother executed a mortgage, and afterward a warranty deed to the mortgagee, the defendant. Thereafter, in 1933, a corporation executed quitclaim deeds to the mortgagee, reciting in the deeds that it had become purchaser of the land by virtue of sheriff's deeds, made in 1932, under sales for 1927 and 1929 state and county taxes. The children brought an action of ejectment against the second grantee of the mother, who was also the grantee under the deeds from the corporation. The court directed a verdict in favor of the defendant, to which the plaintiffs excepted. *Held:*

1. Under the law as it has existed since the act of 1898 (Ga. L. 1898, p. 85; Code, § 92-8301), the mother did not acquire any superior title against her children as grantee under the deeds to

her by virtue of her subsequent redemption of the property from tax sales. *Elrod* v. *Owensboro Wagon Co.,* 128 *Ga.* 361 (4), 365 (57 S. E. 712); *Union Central Life Ins. Co.* v. *Bank of Tignall,* 182 *Ga.* 233, 235 (185 S. E. 108); *Ivey* v. *Griffin,* 94 *Ga.* 689 (21 S. E. 709); *Bennett* v. *Southern Pine Co.,* 123 *Ga.* 618, 620 (51 S. E. 654); *Johnson* v. *King Lumber Co.,* 39 *Ga. App.* 280 (4) (147 S. E. 142). Accordingly, since the mother had deeded the property to her children before her subsequent redemption of the property from the tax sales, their title was superior to that of her subsequent grantee.

2. The principle stated in the preceding paragraph is not applicable where the purchaser at a tax sale is not a person whose duty or privilege it is to pay the tax. *Edwards* v. *Hall,* 176 *Ga.* 632 (168 S. E. 254); *Miller* v. *Jennings,* 168 *Ga.* 101 (147 S. E. 32); Code, § 92-8105. Accordingly, any title of the corporation, acquired by virtue of its subsequent purchase of the property at any tax sale, would inure to the benefit of the defendant as grantee under the deeds from the corporation, to the exclusion of the plaintiff children; and this is true even though the property was sold as that of the mother, in whose name it had been returned. *Dawson* v. *Dawson,* 106 *Ga.* 45 (32 S. E. 29); *Wiley* v. *Martin,* 163 *Ga.* 381 (2), 384 (136 S. E. 151). In this case, however, since it was not made to appear, other than by mere recitals in the deeds from the corporation to the defendant, that the corporation had acquired good title from the sheriff by virtue of such a tax sale, the defendant failed to show good title as against the deed of the mother to the plaintiffs; and for this reason the court erred in directing the verdict for the defendant.

*Judgment reversed. All the Justices concur.*