FORRESTER, revenue commissioner, *et al.* v. LOWE *et al.*
INVESTORS FINANCE COMPANY *et al.* v. FORRESTER, revenue commissioner, *et al.*

470

Nos. 13/46. 13762. JUNE 13, 1941. REHEARING DENIED JULY 9, 1941.

*Ellis G. Arnall, attorney-general, B. B. Zellars, W. K. Meadow, A. J. Tuten, Claude Shaw,* and *M. F. Goldstein,* for State revenue commissioner.

*J. C. Savage, E. L. Sterne, J. C. Murphy,* and *F. A. Hooper Jr.,* for City of Atlanta.

*Spalding, Sibley, Troutman & Brock, W. S. Northcutt,* and *E. H. Sheats,* for Fulton County.

*O. C. Hancock, H. J. Haas, J. F. Haas, Sol I. Golden, V. B. Moore Jr., George & John L. Westmoreland, J. W. Dorsey, W. G. Grant,* and *G. G. Finch,* for other parties.

DUCKWORTH, Justice. ■ By her first intervention Mrs. Lowe sought to cancel the tax deeds held by the city and county. That relief was claimed on the grounds of excessive levy and that the fee was not sold. The judgment dismissing that intervention was affirmed by this court (*Lowe v. Atlanta,* supra), thereby adjudicating all questions presented adversely to intervenor. Thereafter the same intervenor, claiming to be the owner and alleging that the periods for redemption had not expired, filed a new intervention seeking to redeem both from the city and the county. It is urged by plaintiffs in error that the matters covered in the last intervention were adjudicated by the former decision. Leaving for the next division of this opinion the determination of whether or not intervenor is the owner and whether the pleadings filed are sufficient in law, we here determine only whether the true owner by proper pleadings should be allowed to intervene at this stage of the case for the purpose of redeeming the property. The Code, § 92-8301 (Annotated Code, § 92-4402), fixes definite periods of

time which the owner has in which to redeem property sold for taxes. These statutes confer upon the owner the legal right to wait for the full period of time there fixed before redeeming the property. There was nothing in the previous case to require the owner to forego any part of these statutory rights. Hence she was not required to seek redemption therein. Furthermore she contended in the other case that neither of the tax deeds was valid, and that neither conveyed her interest in the land described; and upon these questions judgment of the court was sought and these alone were settled by that judgment. But the judgment definitely determined that the deeds were valid, and thereupon she sought by the present intervention to exercise a statutory right to redeem property conveyed by valid tax deeds. The right she now asserts is wholly independent of and apart from the rights asserted in the previous intervention. Were a defendant in fi. fa. to arrest a levy by illegality and be cast in a judgment holding the fi. fa. valid, he would thereafter be entitled to tender the full amount due under the fi. fa. and demand a release of the property under levy, and he would be entitled to enforce his right to have his tender accepted and his property released by appropriate legal process. The same principle was involved in *McLendon* v. *Shumate,* 128 *Ga.* 526 (57 S. E. 886), where it was held that although the plaintiff in fi. fa. was bound by the judgment finding the property not subject before his paying or tendering the amount of a prior lien, yet when he made tender after the judgment the same property became subject to his fi. fa. Therefore it must be held that if the intervenor was at the time of the present intervention the owner of the land involved, and her pleadings properly present her right to redeem, she had a right to file such pleadings, and the former judgment can not be set up as a bar to the right now claimed.

■ "Tax sales are creatures of statute. When, how, and under what circumstances they are to be made, and their effect when made, are matters depending upon the statute governing them." *Bennett* v. *Southern Pine Co.,* 123 *Ga.* 618 (51 S. E. 654). The intervention in the present case seeking to redeem property sold for taxes is assailed by demurrer, and in support of the demurrer it is urged that such tender as the law requires has not been made, that the period of redemption has expired, and that the intervenor has no interest in the land. These are potent arguments, and we will con-

sider them separately. There is no authority for redeeming property sold for taxes, except that given by statute. As relates to the tax deed held by the city, the Code, § 92-4402, authorizes redemption by the owner or other person entitled to redeem by meeting the condition there stipulated, which is "paying to the municipality the purchase-price at such sale, together with interest thereon at seven per centum per annum from the date thereof, and all municipal taxes accruing subsequent to the date of the sale." Section 92-8301, dealing with sales of real property for State, county, city, or school taxes, or special assessments, provides that the persons there authorized to redeem may do so within the time there fixed "by paying the purchaser the amount paid by said purchaser for said land, with 10 per cent. premium thereon." Thus it is seen that aside from payment of the purchase-price at the sale, and stated premiums, there is no method provided by statute for such redemption. Of course, if payment is refused by the purchaser when legally tendered, such tender would satisfy the statutory requirement of payment (Code, § 20-1105); but the tender can not be avoided by a promise to pay or an assertion in pleadings of a willingness to pay. One entitled to redeem will not be allowed to hold the purchase-money and at the same time recover the property. He can not have both. If the purchaser must surrender the one, he is entitled at the same time and without delay to receive the other.

*Clower* v. *Fleming,* 81 *Ga.* 247 (7 S. E. 278), was an action in ejectment by the owner seeking to recover land that had been sold at the same time under a tax fi. fa. and a fi. fa. on the judgment of a court; and since the plaintiff there was required to have title to support her action, the case differs from the present case in that here the intervenor is seeking in equity to obtain title; but the ruling of this court relative to tender is applicable in the present case. It was said: "Two offers to redeem were made, one attended with a strict tender, except that the tender was too small. in amount; the other sufficient in amount but without a strict tender of the money, and of doubtful sufficiency in point of time. The former we have disposed of under the first head of this opinion. As to the latter, we rule that had it been a strict and proper tender, it would be difficult to treat it as reinstating Mrs. Clower in the legal title so as to enable her to recover in this mere legal action. Made in

proper time and manner, it would have enabled her to support a bill, or an analogous proceeding at law to compel acceptance, and to rehabilitate her both with title and possession; but to accomplish that result she would have to make the tender continuous. Not taking that course, but bringing an action of complaint, could she thus avoid making a continuous tender? We think not. She can not keep her money and recover the land too. She must at least make a continuous offer to pay. . . Had she brought the money into court, that perhaps would have sufficed in place of the continuous offer by pleading, but one or the other was indispensable— perhaps both." It is observed that in the quoted ruling this court stated that a tender made in proper time and manner would have supported an action to compel acceptance and to recover title and possession, but that to do so "she would have to make the tender continuous."

In *Allen* v. *Gates,* 145 *Ga.* 652 (80 S. E. 821), dealing with a suit attacking the validity of a tax sale and seeking to redeem the property sold, it was held that the requirement of tender as a condition precedent to relief on either ground was the same. It was said: "An allegation that the person to whom the tender was made refused it and stated that it was unnecessary to make any further tender of any kind, as he would not surrender the property save at the end of litigation, was sufficient to show a waiver of further tender, but did not supply the deficiencies in the allegations that there had been an actual tender of amounts." It repeatedly has been held by this court that where it is sought to cancel a security deed, tender of the amount due thereunder is a prerequisite to the filing and prosecution of such a suit. *Harton* v. *Federal Land Bank of Columbia,* 187 *Ga.* 700 (2 S. E. 2d, 62); *Georgia Baptist Orphans Home* v. *Moon,* 192 *Ga.* 81 (14 S. E. 2d, 590). There is no difference in principle where it is sought to regain property sold for taxes; for in both cases the opposite party has expended his money and is entitled to a refund thereof before he is required to surrender title to the property. He is entitled to have an opportunity to accept the money and convey the property voluntarily, before processes of the courts are invoked to compel him to do that which he is required to do under the law, and perhaps would do if afforded an opportunity. The intervention in the present case fails to meet the requirement of law as to tender. It no-

where asserts that tender of any kind was made before the time the intervention was filed in court, but it admits that both the city and county are entitled to stated sums paid for the property at the tax sales, and in each case merely asserts that petitioner now tenders such amounts. Elsewhere the intervention alleges that the valuation for tax purposes, subsequently to the two tax deeds, is grossly excessive, and the court is asked to fix a fair and proper amount, whereupon the intervenor asserts that she is ready to pay taxes on such proper valuation. For the purpose of this decision it is unnecessary to deal with taxes other than those represented by the two tax deeds. The relief sought is redemption of the property from the tax sales; and no tender for this purpose having been made, the intervention was subject to demurrer.

The tax deed to the city was executed in 1935, and the intervention asserts that the tax sale was consummated at that time. Under Ga. Laws 1935, p. 466 (Ga. Code Ann. § 92-4402), the redemption period expired in 1937. No redemption having been made during the time in which redemption is authorized, the City of Atlanta acquired under the tax deed an absolute and unconditional title to the land sold. *Beckham* v. *Lindsey,* 22 *Ga. App.* 174 (95 S. E. 745). Thereupon the owner and all other parties authorized by law to redeem lost their redemption rights and ceased to have any interest in the land. The intervenor having been thus divested of all title to or interest in the land, she is not entitled under the Code, § 92-8301, to redeem from the county. In *Thomas* v. *Claxton,* 187 *Ga.* 393 (200 S. E. 788), a mother conveyed to her children the land involved, and thereafter it was sold for taxes and was redeemed by the mother. This court said: "The mother did not acquire any superior title against her children as grantee under the deeds to her by virtue of her subsequent redemption of the property from tax sales. . . Accordingly, since the mother had deeded the property to her children before her subsequent redemption of the property from the tax sales, their title was superior to that of her subsequent grantee." Compare *Richardson* v. *Comer,* 112 *Ga.* 103 (37 S. E. 116); *Cooper* v. *Peevy,* 185 *Ga.* 805 (196 S. E. 705); *Crump* v. *McEntire,* 190 *Ga.* 684 (2, 4) (10 S. E. 2d, 186). In the present case the City of Atlanta, after the expiration of the period of redemption, is in effect the grantee of the owner before the tax sale; and even if the intervenor should redeem from

the county, such redemption would inure to the benefit of her grantee, the City of Atlanta, and would in no wise benefit the intervenor. No interest of intervenor in the redemption of the property is otherwise alleged. It follows that the intervention, failing to show any interest whatever of the intervenor in the property she sought to redeem, states no ground upon which intervenor is entitled to the relief sought; and it was error to overrule the demurrer. *Union Central Life Insurance Co.* v. *Bank of Tignall,* 182 *Ga.* 233 (185 S. E. 108). It is asserted in brief of counsel, however, that by the terms of an act of the General Assembly (Ga. L. 1937, p. 491) the redemption periods were extended, and could be terminated only by the foreclosure outlined in the act, which has not been done in the present cases. This contention can not be sustained, because the act expressly provides (sec. 3) that its provisions shall not apply to tax sales made or tax deeds executed before the approval of that act. Both deeds here involved were executed before the act, and under section 3 they are governed by the law as it existed before the 1937 act. Counsel attack the validity of section 3, on the ground that it violates stated constitutional provisions; but no such constitutional attack was made in the trial court, and it has been repeatedly held that such attacks can not be made for the first time in this court. *Griggs* v. *State,* 126 *Ga.* 442 (2) (55 S. E. 179); *Griggs* v. *State,* 130 *Ga.* 16 (60 S. E. 103); *Loftin* v. *Southern Security Co.,* 162 *Ga.* 730 (3) (134 S. E. 760); *Yarbrough* v. *Georgia Railroad & Banking Co.,* 176 *Ga.* 780 (168 S. E. 873); *Griffith* v. *Hapeville,* 182 *Ga.* 333 (185 S. E. 522). The court erred in overruling the general demurrer to the intervention.

The ruling complained of in the main bill of exceptions is the judgment of March 3, 1941, overruling the demurrers to Mrs. Lowe's intervention. The only assignment of error in the cross-bill of exceptions is on that portion of the judgment excepted to in the main bill, where the trial court attempted to name all parties at interest in the suit, omitting the name of the plaintiff in the cross-bill. The portion of the order excepted to is not reviewable by cross-bill of exceptions. That part of the order must be reviewed, if indeed it is reviewable at all, by an independent bill of exceptions. Code, § 6-901; *A. C. Alexander Lumber Co.* v. *Bagley,* 184 *Ga.* 352 (2) (191 S. E. 443); *Robinson* v. *Georgia Sav-*

*ings Bank & Trust Co.*, 185 *Ga.* 688 (8) (196 S. E. 395) ; *Andrews* v. *Sanders,* 186 *Ga.* 269 (2) (197 S. E. 639). Under this ruling the cross-bill of exceptions can not be considered.

*Judgment reversed* `on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*