ANDREWS, administrator, *v.* WALDEN *et al.*

No. 17534. Submitted July 9, 1951—Decided September 12, 1951.

342

P. C. *Andrews,* for plaintiff.

*Steve M. Watkins* and *Titus & Altman,* for defendants.

HEAD, Justice. Since the trial court granted a nonsuit, it is necessary that the evidence of the plaintiff be examined to ascertain whether or not a prima facie case was made for the recovery of the land. All of the parties claim title under the common propositus, Elijah McGriff. Title is shown in Elijah McGriff by warranty deed from J. E. Smith. The plaintiff introduced testimony showing the genealogy of his intestate as alleged in the action of ejectment. Applying the rules of inheritance to the plaintiff's evidence, Elijah McGriff's two heirs at law, William McGriff, his son, and Patience McGriff, his widow, each inherited a one-half interest in the property. The one-half interest of William McGriff, on his death intestate, descended to his four children and his widow, making each of his heirs the owner of a one-tenth interest in the property formerly owned by Elijah McGriff. On the death of Patience McGriff intestate, the four children of William McGriff were her sole heirs at law, and each inherited through her a one-eighth interest in the property. Since the plaintiff's intestate was one of these four children, she inherited, through her father and her grandmother, a nine-fortieths interest in the property.

"There may be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession; in any of which events the cotenant may sue at law for his possession." Code, § 85-1005. The deed made by the heirs at law of Charlie McGriff, attempting to convey the entire fee in the property to Annie Lee Walden, and the possession of Annie Lee Walden and her heirs thereafter under the deed as sole owners, amounted to an ouster of the plaintiff's intestate, and authorized an action for the recovery of her interest in the property. *Bowman* v. *Owens,* 133 *Ga.* 49 (2) (65 S. E. 156). There was nothing in the plaintiff's evidence to show that his intestate had any notice that Charlie McGriff claimed adversely to her, or that he held exclusive possession after demand.

"Where one of two cotenants conveys the entire fee to a bona fide purchaser for value, to give the latter a prescriptive title to the premises it is necessary that he should be in actual adverse

possession of the land for a period of seven years under the deed that forms the basis of his claim of title." *Morgan* v. *Mitchell,* 104 *Ga.* 596 (2) (30 S. E. 792). The deed by the heirs at law of Charlie McGriff was dated July 31, 1948, and no prescriptive right could have ripened in the heirs at law of Annie Lee Walden under this deed prior to the filing of the action in ejectment.

A tax deed was introduced in evidence from Charlie McGriff, administrator of Elijah McGriff, to Flowers Baking Company, dated November 6, 1936, with an unrecorded entry of satisfaction on the face of the deed by Flowers Baking Company. W. H. Flowers, president of Flowers Baking Company, testified that his company had no interest in the tax deed or the property in question. He stated: "It was satisfied and turned over to Charlie McGriff with that notation on it. He paid us in full for it."

Under the law in force at the time of the execution of this tax deed, a tenant in common or any person having an interest in the land could, as a matter of right, redeem it from the tax sale within a period of twelve months after the sale. Code of 1933, § 92-8301. After the period of twelve months, the purchaser at the tax sale could accord the defendant in fi. fa. the privilege of redeeming the property as a matter of grace. *Union Central Life Ins. Co.* v. *Bank of Tignall,* 182 *Ga.* 233 (185 S. E. 108) ; *Caffey* v. *Parris,* 186 *Ga.* 303 (197 S. E. 898).

"When property has been redeemed, the effect thereof shall be to put the title conveyed by the tax sale back into the defendant in fi. fa., subject to all liens existing at the time of the tax sale, and if the redemption has been made by any creditor of the defendant or person having any interest in the property, the amount expended by such creditor or person interested shall constitute a first lien thereon and be repaid prior to claims upon the property, if the quitclaim deed hereinafter provided for is recorded as required by law." Code, § 92-8302.

If the plaintiff's intestate was a cotenant of Charlie McGriff at the time he redeemed the property by the payment of the redemption money to the purchaser at the tax sale, such redemption did not divest her of title to her interest in the property. The effect of the redemption was to restore the title to the same owners who held it before the tax sale. *Ivey* v. *Griffin,* 94 *Ga.* 689 (21 S. E. 709) ; *Morrison* v. *Whiteside,* 116 *Ga.* 459 (42 S.

E. 729); *Bennett* v. *Southern Pine Co.*, 123-*Ga.* 618, 621 (51 S. E. 654); *Elrod* v. *Owensboro Wagon Co.*, 128 *Ga.* 361 (4) (57 S. E. 712); *Union Central Life Ins. Co.* v. *Bank of Tignall,* supra; *Caffey* v. *Parris,* supra; *Thomas* v. *Claxton,* 187 *Ga.* 393 (200 S. E. 788); *Crump* v. *McEntire,* 190 *Ga.* 684, 686 (10 S. E. 2d, 186).

Counsel for the defendants in error, in a supplemental brief, insist that the plaintiff has shown an outstanding title in Flowers Baking Company by reason of the tax deed, since no quitclaim deed was made by the company, but only an entry of satisfaction on the face of the tax deed.

The record does not indicate the introduction in evidence of the tax executions (for state and county taxes) under which the tax sale was made, or any secondary evidence in connection therewith. The deed, therefore, was not admissible in evidence to show title, and could only show color of title. *Sabattie* v. *Baggs,* 55 *Ga.* 572; *Carr* v. *Ga. Loan & Trust Co.,* 108 *Ga.* 757 (33 S. E. 190); *Peeples* v. *Wilson,* 140 *Ga.* 610 (2) (79 S. E. 466). The evidence shows that Flowers Baking Company was never in possession of the property, and the president of the company testified that his company had no interest in the property. No prescriptive title ripened in Flowers Baking Company under the deed as color of title. The record does not show an outstanding title in a third person which would prevent the plaintiff from recovering in ejectment. Compare *Holton* v. *Mercer,* 195 *Ga.* 47, 50 (23 S. E. 2d, 166).

The argument of counsel for the defendants in error in their main brief is that the administrator of Patience Wilson was not the proper person to institute the action in ejectment, and that the administrator did not introduce sufficient evidence to make out his case because he did not show that the property had been in his possession, or that it was necessary for him to have possession thereof for the purpose of paying debts or making distribution.

While an heir may bring an action to recover property of his intestate where there is no administrator, or where the administrator consents to the action, the law plainly gives the administrator the right to recover property held adversely to the estate of his intestate. Ga. L. 1943, pp. 236, 237 (Code, Ann. Supp., § 113-901); Code, § 113-907.

"The administrator may recover possession of any part of the estate from the heirs at law, or purchasers from them; but in order to recover lands, it is necessary for him to show upon the trial, either that the property sued for has been in his possession, and without his consent is now held by the defendant, or that it is necessary for him to have possession for the purpose of paying the debts, making a proper distribution, or for other purposes provided for in this Title. An order for sale or distribution, granted by the ordinary after notice to the defendant, shall be conclusive evidence of either fact." Ga. L. 1943, pp. 236, 237 (Code, Ann. Supp., § 113-908).

It is the contention of counsel for the defendants in error that the administrator of Patience Wilson was required to prove the need to possess the land for the purpose of paying debts or distribution, or other condition of the above-quoted section, and that his failure to introduce such proof required that the trial court grant a nonsuit. Counsel assert that "in effect, the administrator of Patience Wilson is substituted in this instance for an administrator for William McGriff, in order to recover an interest in land for the purpose of distribution from the common owner, William McGriff, deceased, intestate." We can not agree with this contention of counsel.

It is true that, if ejectment proceedings had been brought by an administrator of William McGriff to recover land from the purchaser of an heir at law of William McGriff, the administrator would have been required to prove his necessity for possessing the land. In such a case the purchaser from the heir would not be holding adversely to the estate of the administrator's intestate, but would be holding under and through the intestate. However, the defendants in the present case concede that their possession is antagonistic to any interest of the estate of Patience Wilson, and the administrator of Patience Wilson did not need to prove any necessity to pay debts or to make distribution in order to recover the interest of his intestate.

In *Green* v. *Underwood*, 108 *Ga.* 354 (33 S. E. 1009), the meaning of the Code section (Ann. Supp., § 113-908), is clarified when it is stated: "When an administrator brings an action for the recovery of land against an heir at law *of his intestate,* he is not entitled to recover by merely showing title in his intestate at

the time of his death.. . . To maintain such an action, it is incumbent on the plaintiff (unless he has been in possession of the land and has without his consent been deprived thereof by the defendant) to show a necessity for him to have the possession either for the purpose of paying the debts or of making 'a proper distribution of ·the estate." (Italics ours.) The provisions of the Code section apply only to an action to recover land from the heirs at law of the administrator's intestate, and have no application to a case where an administrator seeks to recover an interest in land from purchasers of a cotenant of his intestate, such cotenant not being an heir at law of the administrator's intestate.

The plaintiff's evidence made a prima facie case for the recovery of his intestate's interest in the land in controversy, and the court erred in granting a nonsuit.

*Judgment reversed.  All the Justices concur.*