S10A0900. RELIANCE EQUITIES, LLC v. SPECIALTY EQUITY PARTNERS, LLC.

(700 SE2d 361)

THOMPSON, Justice.

This appeal arises out of an equitable partition proceeding in which the parties, appellant, Reliance Equities, LLC ("Reliance") and appellee, Specialty Equity Partners, LLC ("SEP"), independently acquired interests in certain real property as tenants-in-common by purchasing two unredeemed tax deeds. One unredeemed tax deed was held by Reliance's sister company, Marathon Investment Corporation ("Marathon"); the other was held by SEP's sister

company, Baldwin Tays Company, LLC ("Baldwin").

Upon acquiring the tax deeds, Marathon and Baldwin began proceedings to bar the right of redemption and sent notices to parties with an interest in the subject property. SEP redeemed Marathon's tax deed, and Marathon redeemed Baldwin's tax deed. Thereafter, Reliance brought suit seeking partition of the subject property and contribution from SEP for the tax deed redemption.

The superior court found that because Reliance did not pay to redeem Baldwin's tax deed, it was not entitled to seek contribution from SEP. Reliance appeals; its sister company, Marathon, is not a party to this case.

1. When one co-tenant redeems a tax deed, he is deemed to have done so to benefit his co-tenants and, therefore, acquires a first lien against his co-tenants' interest in the property. *Andrews v. Walden*, 208 Ga. 340, 345 (66 SE2d 801) (1951). See also OCGA § 48-4-43. If the property is sold at a partitioning sale, each owner must pay off such liens in proportion to their share of ownership in the property. *Hardin v. Council*, 200 Ga. 822, 830 (38 SE2d 549) (1946). Reliance argues that it and SEP are entitled to contribution from each other for their proportional share of the redemption amounts of the two tax deeds.[1] This argument must fail for the simple reason that Reliance did not redeem Baldwin's tax deed; Marathon did.

2. Reliance claims that it borrowed funds from Marathon to redeem Baldwin's tax deed; that it repaid that loan; that, therefore, it, not Marathon, redeemed the tax lien; and that the superior court erred in ruling otherwise. This claim is based on the affidavit of Dan West, the managing member of Reliance and president of Marathon.

West averred that, "From time to time, [he] authorize[s] the borrowing and loaning of funds between Reliance and Marathon for property related investment expenses as may be necessary given the particular circumstances and available cash on hand of any particular company at a given time"; that "to preserve title in Reliance and its co-tenant SEP [he] authorized the redemption funds to be paid to Baldwin on behalf of Reliance"; and that "any funds extended by Marathon on behalf of Reliance related to this transaction has since been repaid to Marathon by Reliance."

No written instruments documenting a loan between Marathon and Reliance appear in the record. What does appear is a check from Marathon to Baldwin, a redemption notice sent from Marathon to

---

[1] SEP redeemed Marathon's tax deed for $11,753.61. Marathon redeemed Baldwin's tax deed for $48,827.80. Reliance claims that, after offsetting the amounts they owe each other for their proportional share of the redemption, it holds an equitable lien for $33,682.45 against SEP's interest in the property.

SEP, and a redemption notice published by Marathon. Moreover, in response to an interrogatory asking Reliance to "detail any agreements or understandings by and between Reliance and Marathon" pertaining to the property, Reliance responded that there was no specific agreement. And when asked by interrogatory why Marathon issued a check to redeem the property, Reliance responded that it was "by mistake."

In light of the evidence adduced below, the superior court was authorized to conclude that Reliance did not redeem the tax deed and that, therefore, it was not entitled to contribution from SEP. See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986); *Liles v. Innerwork, Inc.*, 279 Ga. App. 352, 353 (1) (631 SE2d 408) (2006).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 2010.

*Weissman, Nowack, Curry & Wilco, Allison C. Jett,* for appellant. *Ayoub & Mansour, John A. B. Ayoub,* for appellee.